UNITED STATES, Appellee

v

MILOSH TURKALI, Basic Airman, U. S. Air Force, Appellant

6 USCMA 340, 20 CMR 56

No. 6446

Decided September 16, 1955.

*Captain George M. Wilson* argued the cause for Appellant, Accused. With him on the brief was *Colonel A. W. Tolen.*

*Major Stanley I. Harper* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Emanuel Lewis.*

## Opinion of the Court

PAUL W. BROSMAN, Judge:

On June 5, 1954, the accused airman —together with two Englishmen described as Cohen and Fisher—was taken in custody by British police officers in London. A search of Turkali's private automobile disclosed the presence of three cases of cigarets, later identified as the property of the Air Force Europe Exchange. Charged with larceny—in violation of Article 121, Uniform Code of Military Justice, 50 USC § 715— the accused denied his guilt at the trial, and insisted that he had merely agreed to deliver the cigarets to the two British subjects in compliance with the request of a friend. However, Cohen and Fisher were not at that time called as witnesses either to confirm or deny the accused's story. On cross-examination, the latter admitted to knowledge that the cigarets were probably stolen, and defense counsel in his closing argument conceded Turkali's guilt of having received stolen property.

After having been duly instructed by the law officer, the court-martial retired to deliberate on its findings. Approximately ten hours later, the president reopened the court and requested that Cohen and Fisher be called to testify. Informed that these two persons could not be located—either by military authorities or British law enforcement officials—the president then sought in behalf of the tribunal clarification of the meaning of paragraph 55, Manual for Courts-Martial, United States, 1951. Further colloquies between the law officer and court-martial members took place, at the conclusion of which the president announced:

"It is the recommendation of the court that paragraph 55 of the Manual for Courts-Martial be invoked and the matter reported to the convening authority by the trial counsel for directions in the matter."

Eight days later, the court-martial reconvened pursuant to a direction from the convening authority that its members proceed to findings on the original charge and specification. Defense counsel promptly moved to dismiss on the ground that the prior action of the body in invoking paragraph 55 equated to findings of not guilty. This motion was overruled, Cohen and Fisher—who had since been found—both testified to the lush criminal circumstances under which their acquaintance with the accused had burgeoned, and Turkali was convicted in short order.

The findings of guilty, as well as the sentence to dishonorable discharge, the usual forfeitures, and confinement at hard labor for one year, were affirmed by appellate authorities. Thereafter we granted the accused's petition for review to determine whether the reliance of the court-martial on the terms of paragraph 55 of the Manual constituted a determination that the appellant was not guilty of the larceny charged against him.

### II

Paragraph 55 of the Manual, provides in part as follows:[1]

"*a. General.*—If at any time during the trial it becomes manifest to the court that the available evidence as to any specification is not legally

[1] The procedural notion expressed in paragraph 55 of the current Manual, although unusual in civilian thinking, is not a new one in military law—for it is found, phrased in substantially identical language, in both the 1928 and 1949 editions of this source. See Manual for Courts-Martial, U. S. Army, 1928, paragraph 74, page 57; Manual for Courts-Martial, U. S. Air Force, 1949, paragraph 74, page 69. It has not been considered necessary to attempt to trace the provision through previous Manuals to its origin.

342

sufficient to sustain a finding of guilty thereof or of any lesser included offense thereunder, but that there is substantial evidence, either before the court or offered, tending to prove that the accused is guilty of some other offense not alleged in any specification before the court, the court may, in its discretion, either suspend trial pending action on an application by the trial counsel to the convening authority for direction in the matter or it may proceed with the trial. In the latter event a report of the matter may properly be made to the convening authority after the conclusion of the trial."

In appellate defense counsel's view, when a court-martial invokes the provision of the Manual set out above, its action embraces an implied announcement of findings of not guilty of the offense alleged and all lesser offenses included thereunder. Thus, the defense insists, when the court returned the record of trial to the convening authority pursuant to paragraph 55, the finders of fact—in legal effect—proclaimed that they had found the evidence before them insufficient to sustain findings of guilty. And since this procedure amounted to an acquittal —the argument concludes—the convening authority was precluded by Article 62 of the Code, 50 USC § 649, from returning the record to the court for reconsideration.

We find difficulty in accepting this strained interpretation of the rather unusual Manual provision under consideration. As we understand its language, it specifically provides for two alternative courses of action by a court-martial in a situation such as the one before us now.[2] (1) Within its discretion the court may *suspend* trial pending action on an application by trial counsel to the convening authority for advice. (2) Its members may instead *proceed* to a conclusion of the trial, and report to the convening authority thereafter— presumably on the likelihood of the accused's guilt of another unincluded offense.

We are sure that the plain terms of the Manual refute the argument advanced by the accused's lawyers. To suspend trial pending direction most certainly involves a different procedure from an election to terminate the proceedings entirely. Indeed, if an invocation of paragraph 55 must be deemed inevitably to result in acquittal, the provision sanctioning *suspension* of trial would be pointless—for the reason that a convening authority is without power to act in any manner on a ruling which amounts to findings of not guilty. Manual, supra, paragraph 86*b*(2).

Moreover, appellate defense counsel themselves felt compelled to concede that a common illustration of the sort of problem arising under paragraph 55 is to be found in the situation in which evidence is submitted which tends to show the accused guilty of an offense other than the one with which he is charged—as, for example, when during a trial for the larceny of a watch, the proof shows that the article taken was

---

[2] It has been suggested that the term "court," as it appears in the Manual language under discussion, refers not to the court-martial but rather to the law officer. If the military "judge" had, in fact, been designated by the framers of the Manual as the functionary authorized to take action under the provision in question, it is distinctly arguable that the purposes of paragraph 55 would have been served more effectively. However, because of the countless and compelling arguments which readily may be advanced to refute the contention, it is little short of impossible to say that the section does not provide a procedure under which the *court-martial* itself is to act. Indeed, its entire history—certainly from its appearance in the 1928 Manual until the present time—is marked by innumerable cases in which the courts-martial of all three services, and neither the law member nor more recently the law officer, have invoked its provisions. Whatever may be our views concerning the "ought" of the matter, we are not inclined to—we simply cannot with judicial propriety—uproot a principle so firmly imbedded in favor of a disputation more interesting than convincing.

instead a compass. Manual, supra, paragraph 55b.

In such a case, the court-martial may suspend trial and refer the matter to the convening authority, who will ordinarily withdraw the charge from the court and prepare a new one. See Legal and Legislative Basis, Manual for Courts-Martial, United States, 1951, page 66. However, the convening authority may *not* withdraw a specification if the court has finally terminated the proceedings thereon either by findings, or by a ruling which amounts to findings of not guilty. Manual, supra, paragraph 56a. Clearly, if we are to accept the conclusion urged by the defense here, the convening authority must be regarded as powerless to act in cases where the trial is held in abeyance for the express and single purpose of awaiting his guidance. Obviously, no such result was intended by the framers of the Manual, however inartfully the subparagraph in question may have been drafted.

As we view the quoted Manual provision, an application by trial counsel to the convening authority for direction can only mean that the trial is indefinitely postponed until the latter acts. This action may either take the form of a withdrawal of the specification in question followed by the preparation of new charges, or the entire case against the accused may be dropped without further proceedings. On the other hand the court-martial may be instructed—as in this case it was—to proceed to findings under the original charge. Of course, the tribunal of its own motion may wish to follow the second route, in which event it may conclude the trial with findings of not guilty—or a ruling to that effect—and report this action to the convening authority, together with other relevant comments.

Appellate defense counsel have cited to us certain service authorities which hold that the amendment of a specification to allege a different offense constitutes a withdrawal of the original specification and a termination of the trial. They help us not at all. In the case at bar there was no sort of attempt to conform pleadings to proof. The

**344**

belated testimony of Messrs. Cohen and Fisher did not in any degree concern an offense other than the one charged; on the contrary it was directly responsible for placing the accused behind bars for the commission of the theft alleged on the original charge sheet.

Nor do we regard the case of United States v Lubelski [ACM 2452], 2 CMR (AF) 725, cited by appellant, as controlling. In that case the court-martial *formally announced in open court* that the evidence was not legally sufficient to support findings of guilty of the offense charged. During the instant trial, however, the court-martial expressly requested that the missing witnesses, Cohen and Fisher, be called to testify—this after its members had been locked in unsuccessful deliberation for some ten consecutive hours. Unable to agree on findings without further evidence, the court then adopted the only course available to it—that is, action to suspend proceedings and refer the matter to the convening authority. Nowhere in this record do we find the slightest indication that, by following this course, the trial court intended to free the accused. We must therefore hold that, by invoking the provisions of paragraph 55 of the Manual, the court-martial did not thereby announce findings of not guilty of the offense charged.

### III

The decision of the board of review is affirmed.

Judge LATIMER concurs.

QUINN, Chief Judge (concurring in the result):

I interpret paragraph 55 differently from the majority. It reads as follows:

"*a. General.*—If at any time during the trial it becomes manifest to the court that the available evidence as to any specification is not legally sufficient to sustain a finding of guilty thereof or of any lesser included offense thereunder, but that there is substantial evidence, either before the court or offered, tending to prove that the accused is guilty of some other offense not alleged in any specifica-

tion before the court, the court may, in its discretion, either suspend trial pending action on an application by the trial counsel to the convening authority for direction in the matter or it may proceed with the trial. In the latter event a report of the matter may properly be made to the convening authority after the conclusion of the trial."

A careful analysis of the Manual indicates that "the court" refers, not to members of the court-martial, but rather to the presiding judge. In United States v Cambridge, 3 USCMA 377, 12 CMR 133, we pointed out that the Manual frequently uses "court" as meaning the law officer in a general court-martial, or the president of a special court-martial. Referring to the same point the Legal and Legislative Basis, Manual for Courts-Martial, United States, 1951, paragraph 57(b), page 72, says:

"Meaning of term 'court.' It was considered unduly burdensome to repeat in every instance involving an interlocutory question that the law officer of a general court-martial or the president of a special court-martial would rule. Accordingly, the manual states in many instances that a particular question is to be decided by the 'court.' Notwithstanding such statements, if the question is an interlocutory one, the law officer or president will rule as indicated in paragraph 57."

Evidence of the true meaning of the Manual provision is found in the following phrases: (1) "At any time during the trial." The only time a court-martial itself can determine the sufficiency of the evidence is when the case is finally presented to it for deliberation as to the guilt or innocence of the accused. At no other stage of the trial has it any power to act on the evidence except by way of voting to sustain or overrule the law officer's action on a motion for a finding of not guilty. On the other hand, the presiding officer may conclude that the evidence is insufficient at any of several different stages of the trial. Thus, he may reach that conclusion at the end of trial counsel's opening statement, or at the conclusion of the prosecution's case, or at any time during the defendant's case, or at the close of the entire case, and perhaps even during the court-martial's deliberations on the findings. In the civilian practice, it is not at all uncommon for a judge to advise counsel that if no further competent evidence is presented, he will be obliged, as a matter of law, to rule against him. (2) "Legally sufficient." A court-martial is concerned with facts, not law as such. Conversely, the presiding officer or the judge has the exclusive responsibility of determining the legal principles involved in the case. (3) "Substantial evidence, either before the court or offered." The court-martial can consider only evidence actually presented to it. It has absolutely no concern with "offered" evidence. Evidence is "offered" only to the law officer or to the president of a special court-martial for consideration. (4) "Suspend trial . . . or . . . proceed with the trial." This phrase clearly contemplates a continuance. A continuance is an interlocutory matter within the exclusive competence of the law officer. Article 40, Uniform Code of Military Justice, 50 USC § 615; United States v Knudson, 4 USCMA 587, 16 CMR 161. Moreover, the phrase implies that the question may arise at any stage of the trial. It therefore, clearly relates back to the first phrase. For the reasons stated in (1), this phrase also indicates that the action is to be taken by the law officer.

In view of my interpretation of paragraph 55, only the law officer, not the court-martial is authorized to proceed under the provisions of that paragraph. However, since the court-martial attempted to act under its provisions, the validity of its action must be considered, first, from the viewpoint of general practice, and second, in relation to the actual facts of the case.

As a general proposition, the provisions of paragraph 55 are contrary to the basic requirements of a fair and impartial trial. The triers of the facts cannot take sides. Nor, can they be made

345

to serve the purposes of either the Government or the accused. Paragraph 55, however, attempts to make the court-martial the instrumentality of the prosecution. It constitutes the court an *advisory body for the convening authority.* The court is required to make a preliminary disclosure of its view that the evidence does not justify a conviction. Armed with this knowledge of the court's inclination, the convening authority can continue the case until further evidence can be assembled. How many times can the court-martial give such advisory opinions? And, in the meantime, is it not possible for the convening authority to change the composition of the court so as to replace those who have doubts with those who might possibly take a different view of of the case? Manual, supra, paragraph 37. Would not such action constitute a second trial on the merits? These considerations among others, give a strong appearance of evil to the practice. This Court has said that the appearance of evil should be avoided as well as the evil itself. See United States v Walters, 4 USCMA 617, 16 CMR 191; United States v Parker, 6 USCMA 274, 19 CMR 400; and United States v Coulter, 3 USCMA 657, 14 CMR 75.

Moreover, we should condemn this procedure by the court-martial because it is fundamentally unfair. The triers of fact are authorized to provide the prosecution with an advisory opinion of their view of the evidence, but they cannot supply the accused with the same kind of information. A procedure which is so one-sided is unjust. And a judgment obtained by a practice which favors one side to the prejudice of the other should not be permitted. Consequently, this Court should not sanction general use of the provisions of paragraph 55 by a court-martial.

The court-martial in this case "invoked" paragraph 55. But is this action tantamount to a finding of not guilty? In my opinion, it is not. The circumstances under which the action was taken show that the court-martial did not intend to acquit the accused.

After deliberating for some time on the findings, the court-martial specifically requested that Cohen and Fisher be produced as witnesses. Trial counsel advised the court that the British police had been unable to locate these witnesses "for the time being," and since the normal subpoena procedure required three weeks notice to the Royal Air Force "no effort was made to subpoena them at that time." As I interpret the proceedings which followed, the court-martial invoked paragraph 55 for the purpose of either having Cohen and Fisher subpoenaed as witnesses, or of being definitely advised that any actual effort to subpoena them would be futile. By no means did the court-martial's action amount to a declaration of not guilty. Neither did it constitute such a usurpation of the functions of the law officer as to make him a mere figurehead. Cf. United States v Berry, 1 USCMA 235, 2 CMR 141. In any event, the law officer affirmatively joined in the court-martial's action by directing the trial counsel to convey the recommendation of the court to the convening authority. See United States v Self, 3 USCMA 568, 574, 13 CMR 124. Therefore, I concur in the conclusion that the action of the court-martial did not amount to a finding of not guilty, and I join in the affirmance of the decision of the board of review.