UNITED STATES, Appellant

v

JACKIE WAYNE PARKER, Airman Apprentice,
U. S. Navy, Appellee

7 USCMA 182, 21 CMR 308

No. 8157

Decided June 22, 1956

 

*Commander Gay E. Milius, Jr.,* USNR, argued the cause for Appellant, United States.

*Lieutenant (jg) W. W. McNeilly, Jr.,* USNR, argued the cause for Appellee, Accused.

### Opinion of the Court

HOMER FERGUSON, Judge:

After a plea of guilty to a violation of Article 86, Uniform Code of Military Justice, 50 USC § 680, and not guilty to a violation of Article 121, Uniform Code of Military Justice, 50 USC § 715, the accused was convicted by general court-martial of both offenses and sentenced to a bad-conduct discharge, partial forfeitures, and confinement at hard labor for twelve months. The convening authority approved the findings and sentence. A Navy board of review disapproved the larceny charge for the reason that the rights of the accused had been prejudiced by the introduction of additional evidence, requested by members of the court and presented by the prosecution, after the court had retired to deliberate on the findings. The Judge Advocate General of the Navy certified the following question to this Court:

May the court reopen to require additional evidence pursuant to Manual for Courts-Martial, 1951, paragraph 54b after it has once closed for deliberation on the issue of guilt or innocence of the accused?

Only those facts which pertain specifically to the certified question will be recited. The prosecution, represented by an apparently inexperienced trial counsel, attempted, through the testimony of two witnesses and the alleged confession of the accused, to establish the theft of an automobile. After argument of counsel and instructions from the law officer, the court retired for deliberation on the findings. Less than an hour later it reopened. The president declared that since the court felt that it did not have sufficient evidence before it to arrive at a just decision, it would like to furnish the trial counsel and defense counsel with additional time to prepare their respective cases. At this juncture in the proceedings, the defense counsel moved for a finding of not guilty. Thereupon, a court member called the law officer's attention to paragraph 54b of the Manual for Courts-Martial, United States, 1951. The law officer replied that he was acquainted with that provision of the Manual and that, if the court wished to call another witness, he would do what he could to facilitate the court's desires. The member then attempted to explain the court's dilemma as follows:

"Actually, it didn't arise as to a witness. The court is at a loss to decide whether there was any intent primarily, because we have no evidence as to the condition of the car when it was found, by whom it was found, where it was found. We feel

183

that possibly the authorities who did find the car undoubtedly made some sort of investigation, possibly checking the condition of the car before they turned it over to the insurance company who brought it back here. If we had some information like that, we would be able to come to some just conclusion."

The accused's motion for a finding of not guilty was then denied, and witnesses Shaffer and Meyers were recalled at the request of the trial counsel. At the conclusion of their testimony, in answer to the law officer's query as to whether the accused desired to introduce additional evidence, the defense counsel replied in the negative, stating that in his opinion, since the trial counsel had introduced nothing new, he saw no reason why the accused should proceed further. He then renewed his motion for a finding of not guilty, which was again denied by the law officer.

Paragraph 54b of the Manual for Courts-Martial, supra, provides:

"The court is not obliged to content itself with the evidence adduced by the parties. When such evidence appears to be insufficient for a proper determination of the matter before it, or when not satisfied that it has received all available admissible evidence on an issue before it, the court may take appropriate action with a view to obtaining available additional evidence. The court may, for instance, require the trial counsel to recall a witness, to summon new witnesses, or to make an investigation or inquiry along certain lines with a view to discovering and producing additional evidence."

This language clearly indicates that the court may, when the evidence introduced by the parties appears to be insufficient for a proper determination of the matter before it, require the trial counsel to recall or summon witnesses, or make other investigation or inquiry with a view to the discovery and introduction of additional evidence. This paragraph fails to spell out with particularity at what point in the trial this action may be taken. A practical time

that the court-martial is in a position to determine the sufficiency of the evidence is when the case is finally presented to it for deliberation as to the guilt or innocence of the accused.

In United States v Turkali, 6 USCMA 340, 20 CMR 56, we were faced with a somewhat similar situation which hinged upon another paragraph of the Manual for Courts-Martial, supra. In that case, after the court had deliberated on the findings for approximately ten hours, it reopened and requested that two material witnesses—who had not previously testified—be called. The president referenced as authority for his request the Manual for Courts-Martial, supra, paragraph 55a, which declares:

"If at any time during the trial it becomes manifest to the court that the available evidence as to any specification is not legally sufficient to sustain a finding of guilty thereof or of any lesser included offense thereunder, but that there is substantial evidence, either before the court or offered, tending to prove that the accused is guilty of some other offense not alleged in any specification before the court, the court may, in its discretion, either suspend trial pending action on an application by the trial counsel to the convening authority for direction in the matter or it may proceed with the trial. In the latter event a report of the matter may properly be made to the convening authority after the conclusion of the trial."

The request for the witnesses was granted. They testified, and the accused was convicted. The defense counsel in that proceeding, as in the present one, moved to dismiss on the ground that the action of the court amounted to a finding of not guilty. We held that by invoking paragraph 55a the court-martial did not announce a finding of not guilty. Although we are here dealing with another paragraph of the Manual, the only difference is one of procedure. Paragraph 55a authorizes communication to the convening authority, while paragraph 54b authorizes a request without any reference to that officer. If additional

evidence was properly permitted after the court retired to deliberate in the Turkali case, supra, it is equally admissible here.

Authority to request the introduction of additional evidence has long existed in military courts. Colonel Winthrop, in his Military Law and Precedents, 2d ed, 1920 Reprint, pages 286, 287, 375 announced that a court-martial "may permit a case once closed on the part of the prosecution or defence, or on both sides, to be reopened for the introduction of testimony previously omitted or discovered since closing," and if the court "desires to hear certain evidence not introduced by either party, it may properly call upon the judge advocate to procure the same if practicable, adjourning for a reasonable period to allow time for the purpose." However, he cautions that while some writers hold that the court, during its final deliberation may, to assist its conclusions, recall a witness for the purpose of asking further questions deemed essential, such actions were— at least as of Colonel Winthrop's time —rarely pursued by courts-martial.

Turning now to civilian sources, it is well-established that a jury may reopen and request portions of the record reread, and it is discretionary with the trial judge as to what parts of the record will be restated. United States v Campbell, 138 F Supp 344 (ND Iowa) (1956) ; United States v Rosenberg, 195 F2d 583, 598–599 (CA2d Cir) (1952), cert den 1952, 344 US 838, 73 S Ct 20, 97 L ed 652, rehearing denied 1952, 344 US 889, 73 S Ct 134, 97 L ed 687; Phillips v Carlson, 178 Kan 206, 284 P2d 604; Autry v State, 34 Ala App 225, 38 So2d 348. Cases dealing with a request for additional evidence after the court has retired to deliberate on the findings are less numerous; however, a majority of the appellate courts which have considered the problem have held that such a request is predicated upon the discretion of the trial judge.

In Jianole v United States, 299 Fed 496, 500 (CA 8th Cir) (1924), the court declared:

"It is next charged that the court erred in allowing the jury to be called back, after they had retired to consider their verdict, the case re-opened, and further evidence introduced. There does not seem to be any specific rule prohibiting the practice, and the question is one of discretion."

The court concluded that the trial judge had not abused his discretion because the evidence referred to simply completed evidence already offered, and did not constitute anything in the nature of a surprise or new facts.

The court in Henry v United States, 204 F2d 817 (CA 6th Cir) (1953), had before it an assignment of error alleging that the district court prejudiced the defendant by permitting the entire testimony of two government witnesses to be read back to the jury for the second time after the case had been submitted to the jury and the foreman had reported that the jurors were unable to reach a verdict on any of the counts. The case was reversed because of prejudicial statements of the trial judge, contained in the reread portion of the record; however, on the specific point of reopening Judge Martin, speaking for the court, asserted that:

"There is no iron-bound, copper-fastened, double-riveted rule against the admission of evidence after both parties have rested upon their proof and even after the jury has entered upon its deliberations. Considerable latitude in discretion is vested in the trial judge in this respect."

The court pointed out that, as a practical matter, evidence permitted to be introduced after the jurors have retired for their deliberations is usually by consent of the parties, or in relation to some undisputed matter considered essential to a complete record, and if a request is made after the jury has reported its inability to agree upon a verdict, the trial judge must "exercise extreme care" in reopening the case for the introduction of further testimony or in allowing any evidence to be restated to the jurors.

The New York Court of Appeals, in People v Ferrone, 204 NY 551, 98 NE 8, was confronted with a similar

problem. It seems that the mother of the prosecutrix, an ignorant and confused woman, gave important evidence respecting the complainant's age. After the jury had retired, they reopened and one of them requested that the mother be recalled to the stand for further examination. This was done, and the re-examination was conducted largely by members of the jury. Judge Hiscock, speaking for the court, was of the opinion that no reversible error was committed. He felt that the wide discretion of a trial judge to regulate the trial includes this type of action. He stated:

"Proceeding along these lines, it has already been determined in this state that in a criminal trial, after the case has finally been submitted to the jury, and before their retirement, the trial may be reopened for the purpose of permitting evidence to be introduced on an essential point which has been overlooked . . .

"This being the established law, I am unable to find any authority or principle which would justify us in holding that because the action had proceeded a little further, and the jury had passed out of the room or even entered upon the consideration of the case, the discretionary power of the court would cease, and that it would be unable to recall the jury for the purpose of taking further evidence."

But the court cautioned that such a practice should not be encouraged or lightly pursued.

In view of the authorities above announced, we are of the opinion that it is discretionary as to whether or not the court will order further evidence to be introduced after it has retired to deliberate on the findings. In reaching this determination we have not overlooked the provision in the procedural guide of the Manual (page 517) that the law officer "will rule finally as to whether the witness will be called." Nor do we ignore Article 51(b) of the Code that makes interlocutory rulings by the law officer final. In construing these two provisions, together with the procedure authorized in paragraph 54b of the Manual, we hold that a court-martial has the unrestricted right to call for further witnesses, subject only to the law officer's determination of admissibility. Members of a court must not, however, desert their customary and proper role as triers of the facts to join "the ranks of partisan advocates." United States v Smith, 6 USCMA 521, 20 CMR 237. We do not find here that the court joined the ranks of partisan advocates. Nor do we agree with the contention of the accused that the court, by its actions, intended to acquit him.

The action of the board of review as to Charge II is reversed, and the certified question is answered in the affirmative.

The record is returned to The Judge Advocate General of the Navy for reference to a board of review for reconsideration in the light of the views we have herein expressed.

Judge LATIMER concurs.

QUINN, Chief Judge (concurring):

I concur. See my separate opinion in United States v Turkali, 6 USCMA 340, 20 CMR 56, and Manual for Courts-Martial, United States, 1951, Appendix 8a, page 517.