**UNITED STATES**

v.

**Staff Sergeant Carl W. SUTTLES, FR 296–48–7880 United States Air Force.**

**ACM S24643.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 16 June 1978.

Decided 17 Jan. 1979.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Captain Robert P. Hailey.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Lieutenant Colonel Michael Levant, USAFR.

Before EARLY, HERMAN, ORSER and ARROWOOD, Appellate Military Judges.

## DECISION

ARROWOOD, Judge:

The accused pleaded guilty to two specifications of larceny and one specification of uttering a worthless check with intent to deceive, in violation of Articles 121 and 123a, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 923a.

During the presentencing portion of the trial, trial counsel placed in evidence performance reports and three letters of reprimand pertaining to the accused. Defense counsel made an unsworn statement on behalf of the accused and presented a stipulation of fact showing that his client had repaid a portion of the bad check.

When the military judge had completed his instructions on sentencing the following transpired:

MJ: . . . Gentlemen, prior to closing are there any questions?

Maj G: My question has to do with information regarding the case. Can we ask that kind of question.

MJ: Ask me the question. I'll see if I can answer it.

Maj G: My question is did the accused try to borrow money or anything to help alleviate his financial difficulties while he was here at Hahn.

MJ: Sir, the only thing you have in front of you of course is what evidence was presented on an unsworn statement. On an unsworn statement the accused cannot be questioned.

Pres: The defense said the defendant has received very little pay since he has been here at Hahn in the pretrial situation. Why has the defendant received very little pay during this period?

MJ: I don't know, sir. Again, you have the evidence that has been presented to you. I don't know the answer. You have in front of you what has been presented and the court cannot question the accused on an unsworn statement. Anything else? Captain Colwell?

Capt C: There has been the statement "almost no pay" and after that the statement "very little pay." I was wondering what was the difference there?

MJ: Can't answer your question.

Capt C: I have another. Is the $708.00 basic?

MJ: That's his basic pay, yes, $708.60.

Capt C: Did the family of the individual receive any of it? I wasn't sure, or any other type of allowance?

MJ: As far as determining the amounts of money involved for you to make your determination on forfeitures or fines in this case, the only thing you are interested in is base pay because the only thing that can be forfeited in a Special Court-Martial is two-thirds of the accused's base pay per month.

Capt C: I was wondering how much the individual was bringing in.

MJ: Only what his base pay is. As far as my recollection of the evidence that's all that has been stated.

\*　　\*　　\*　　\*　　\*　　\*

Capt C: Is there any way to know how the money will be paid back?

MJ: It's not in front of you sir, and again, your recollection of the evidence is what is controlling here. What you have in front of you.

Capt C: What we have here is questionable.

MJ: I can't present to you any evidence, sir, and again, it's up to your recollection. Anything else? Either side?

DC: I have nothing further, sir.

TC: No, Your Honor.

MJ: Very well, the court will be closed.

Appellate defense counsel makes two assignments of error relative to the exchange between the court members and the military judge:

THE ACCUSED WAS PREJUDICED BY THE MILITARY JUDGE'S ERRONEOUS, INCOMPLETE AND MISLEADING ADVICE TO THE COURT REGARDING ITS RIGHT TO OBTAIN AVAILABLE ADDITIONAL EVIDENCE.

THE MILITARY JUDGE ERRED TO THE PREJUDICE OF THE ACCUSED IN FAILING TO INSTRUCT THE COURT THAT THEY COULD DRAW NO ADVERSE INFERENCES FROM THE ACCUSED'S SILENCE SUBSEQUENT TO HIS UNSWORN STATEMENT.

■ The first assignment of error concerns the desire of the court to obtain additional evidence from sources independent of the accused. In a court-martial, the court panel is not obligated to content itself with the evidence presented by the parties, but may take appropriate action to have additional information presented. Manual for Courts-Martial, United States, 1696 (Rev.), paragraph 54*b*. On the other hand, the military judge, in his sound discretion, must rule as to the admissibility of the evidence the court members request. *United States v. Rogers*, 14 U.S.C.M.A. 570, 34 C.M.R. 350 (1969); *United States v. Parker*, 7 U.S.C.M.A. 182, 21 C.M.R. 308 (1956). Here, the military judge interpreted the questions asked by the court members as requests to obtain additional information *from the accused*. Except for several questions, the answers to which could also have been obtained from the accused's pay records, the military judge's interpretation was entirely appropriate. It appears from the exchange that he was rightfully concerned that the members wished to seek additional information from the accused, and properly prevented this inquiry. *United States v. Wells*, 13 U.S.C.M.A. 627, 33 C.M.R. 159 (1963).

■ Information relating to the actual amount the accused had been paid could have been provided by requiring trial counsel to obtain and present the court with appropriate data from the accused's pay records. In our view, the preferable course would have been to accede to the members desires, to the extent possible. However, in substituting our judgment for that of the judge, we are not unappreciative of his reluctance to reopen the case at that stage of the trial, and his concern with preventing any inquiry of the defense subsequent to the unsworn statement. Significantly, after the exchange between himself and the court members, the judge asked both sides if they had "anything else", and received a negative response. We have no doubt, as the accused was represented by qualified counsel, that had there been additional information advantageous to the accused, it would have been presented. Based on these factors, we find no abuse of discretion by the military judge in failing to direct that additional evidence be obtained and presented to the court. *United States v. Rogers*, supra.

Being satisfied that most of the inquiries were directed toward obtaining information from the accused and properly disallowed by the military judge, we must now decide whether he was required, *sua sponte*, to instruct the court that no adverse inferences could be drawn from the accused's silence.

In *United States v. King*, 12 U.S.C.M.A. 71, 30 C.M.R. 71 (1962), the case relied on by appellate defense counsel, the defense counsel made an unsworn statement on behalf of the accused, but the court members desired more information, some of which was not furnished. One of the court members stated that the court had always had a right to ask questions, and, if the accused wanted to remain silent, "it means something to me." This statement indicated a misunderstanding of the accused's right to remain silent or make an' unsworn statement with-

out further interrogation and improperly placed the accused in the legal dilemma of either yielding a substantial right or suffering adverse consequences if he relied thereon. Therefore, a rehearing on sentence was ordered.

In the two later cases, however, though faced with similar situations, the Court of Military Appeals saw fit to distinguish *King*. In *United States v. Seay*, 13 U.S.C. M.A. 540, 33 C.M.R. 72 (1963), a court member questioned why the accused was not permitted the opportunity to testify in his own behalf. The question was in writing and not revealed to the other members of the court. There was no intimation in the record that the court-martial in anywise regarded the failure of accused to testify as a presumption against him. From this evidence, the Court would not conclude that the court members were drawing an illegal inference from the failure of the accused to take the stand or that the accused was in any way prejudiced by the incident.

In *United States v. Farrington*, 14 U.S.C. M.A. 614, 34 C.M.R. 394 (1964), a court member questioned whether there should be any instructions concerning the accused's taking or not taking the stand. The law officer spontaneously responded by instructing the court that the accused was not obligated to take the stand, that no remark would be made concerning it, and that the court should not consider the remark of the court member. Here again, the Court distinguished the case from *King*, primarily because there was no element of hostility in the question asked by the court member. It acknowledged that the law officer would have been well advised to instruct the court that the accused's failure to testify should not create any presumption against him, but found the action taken by the law officer was adequate to remove any possible prejudice to the accused.

In the most recent case, *United States v. Jackson*, 6 M.J. 116 (C.M.R.1979), the court members, prior to findings, asked for information as to the whereabouts of the accused and an Airman Guzman at a particular time. The military judge reminded the court that they could not call the accused to the stand, but gave them no specific cautionary instruction. The Court stated:

> Even accepting the fact that the members may have been previously instructed in the earlier findings, instructions in some general way as to this constitutional right of the appellant, we believe the military judge had an affirmative duty at this critical stage of the proceedings to particularly reinstruct the members in order to insure this appellant received a fair trial. Such incomplete instructions under these circumstances amount to a denial of military due process. The absence of curative instructions after this failure of the military judge to act creates a fair risk that the appellant was prejudiced, which mandates reversal.

■ We believe that *Jackson* goes well beyond the previous holdings of the Court. Prior to findings, it is no longer necessary that there be some evidence of hostility by the members, or an indication that the accused's silence would be considered against him before the military judge is required to caution the court members. If attention is drawn to the accused's failure to testify, the curative instruction must be given. *United States v. Jackson*, supra.

The question remaining is whether the sentencing proceedings is such a critical stage of a court-martial that a comment on the accused's right to remain silent after an unsworn statement, without curative instructions from the military judge, amounts to a denial of military due process.

■ "Generally speaking, due process means a course of legal proceedings according to those rules and principles which have been established in our system of jurisprudence for the enforcement and protection of private rights." *United States v. Clay*, 1 U.S.C.M.A. 74, 1 C.M.R. 74, 77 (1951). The rights and privileges of an accused in the military justice system is based not only on the Constitution, but on the Uniform Code of Military Justice, and the Executive Orders of the President, published in the Manual for Courts-Martial, United States, 1969 (Revised edition). *United States v. Butler*,

3 M.J. 211 (C.M.A.1977); *United States v. Clay*, supra; *United States v. Callahan*, 22 C.M.R. 443 (A.B.R.1956).

■ Paragraph 75c, Manual, supra, establishes the accused's right to present matters in extenuation and mitigation and gives him the right to make an unsworn statement without being cross-examined. These rights have been held to be an integral part of military due process. *United States v. Callahan*, supra.

■ In the case at hand, the military judge called attention to the fact that the court members could not question the accused; however, he did not give them a specific cautionary instruction to protect the accused's right to make an unsworn statement without being cross-examined. To insure a fair trial, we believe that the military judge, at this critical state of the proceedings, was required to fully instruct the court members that no adverse inferences could be drawn from the accused's silence. The incomplete instruction in these circumstances amount to a denial of military due process and creates a fair risk that the accused was prejudiced.* *United States v. Jackson* and *United States v. King*, both supra; *United States v. Graves*, 1 M.J. 50 (C.M.A.1975).

In view of the plea of guilty, the prejudice is confined to sentence only, accordingly the findings of guilty are approved. The sentence is set aside. A rehearing on sentence will be ordered.

EARLY, Chief Judge, and ORSER, Judge, concur.

HERMAN, Judge, absent.

---

* Adverse inferences which are likely to be drawn in these circumstances are not limited to forfeitures, but could affect the entire sentence.