# UNITED STATES

v.

**Airman Basic Oliver A. MANSEL, FR 373–70–2559 United States Air Force.**

## ACM S25292.

U. S. Air Force Court of Military Review.

Sentence Adjudged 6 May 1981.

Decided 28 Oct. 1981.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain Richard A. Morgan.

Appellate Counsel for the United States: Colonel James P. Porter and Major George D. Cato.

Before MILES, KASTL and MILLER, Appellate Military Judges.

### DECISION

MILES, Senior Judge:

Tried by special court-martial, the accused was convicted of willful damage to military property, assault and battery and disorderly conduct in violation of Articles 108, 128 and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 908, 928, 934. He pled guilty only to the military property offense. The approved sentence extends to a bad conduct discharge and confinement at hard labor for two months.

In response to a court member's inquiry, the military judge admitted during sentencing proceedings rebuttal evidence relating to the accused's duty performance. Appellate defense counsel now assert this was error. Disagreeing with both this and the other assignment of error, we affirm.

At the start of sentencing proceedings, the prosecution presented personal data from the charge sheet, entries from the accused's unfavorable information file (UIF),[1] and a stipulation of fact as to the damage to military property offense. Due to his short service as a security policeman, no airman performance reports (APRs) were available. In mitigation, the defense presented the testimony of two military witnesses. As club managers, these witnesses supervised the accused's off-duty employment as a waiter. They testified that his work was excellent, and they hoped he would keep working for them. Disclaiming any knowledge of duty performance, both maintained that the accused was of value and should remain in the Air Force. Thereafter, the accused testified. In his testimony, he described his upbringing and background, explained why he joined the Air Force and described his duty performance during technical training. While admitting mistakes, the accused expressed a desire to remain in the Air Force. He did not testify about his current or immediate past duty performance.

After argument and instructions, the president of the court asked for evidence about the accused's duty performance as a security policeman. In an Article 39(a), 10 U.S.C. § 839(a) session, the military judge overruled a defense objection and made arrangements to call additional witnesses. Both the prosecution and the defense each

---

1. *See,* Air Force Regulation 35–32, Unfavorable Information Files (UIFs), Control Rosters, Administrative Reprimands and Admonitions, 22 September 1975.

called two witnesses. Although some ensuing evidence on duty performance was favorable to the accused, some testimony was particularly damaging, namely, that the accused wanted out of the security police, that he only did what he could to get by and that he regarded the present proceedings as a joke.

Military law has long recognized that the factfinder may call for additional evidence. See United States v. Parker, 7 U.S.C.M.A. 182, 21 C.M.R. 308 (1956); United States v. Blackburn, 2 M.J. 929 (A.C.M.R. 1976), pet. denied, 2 M.J. 166 (C.M.A. 1976); Manual for Courts-Martial, 1969 (Rev.), paragraph 54b [hereinafter MCM, 1969 (Rev.)]. However, the military judge must still insure that any such evidence is admissible. See MCM, 1969 (Rev.), paragraph 54 b and 54c; United States v. Suttles, 6 M.J. 921 (A.F.C.M.R. 1979).

Military law limits the evidence adverse to an accused that may be presented during sentencing proceedings. See MCM, 1969 (Rev.), paragraph 75; United States v. Konarski, 8 M.J. 146 (C.M.A. 1979).[2] Except in rebuttal, the prosecution is generally limited, in introducing evidence on duty performance, to the service data on the charge sheet and "[u]nder regulations of the Secretary concerned . . . personnel records of the accused or copies or summaries thereof." MCM, 1969 (Rev.), paragraph 75 d. See United States v. Cook, 10 M.J. 138 (C.M.A. 1981); United States v. Torrey, 10 M.J. 508 (A.F.C.M.R. 1980). However, restrictions on the admissibility of rebuttal evidence are generally relaxed for purposes of sentencing after a finding of guilt has been returned. See United States v. Mack, 9 M.J. 300 (C.M.A. 1980); United States v. Pawlyschyn, 9 M.J. 590 (A.F.C.M.R. 1980); United States v. Ledezma, 4 M.J. 838 (A.F.C.M.R. 1978).

Here, the defense clearly made the rebuttal evidence admissible. They presented opinion testimony that the accused was of value and should remain in the Air Force, and the accused described his duty performance during technical training as excellent. The defense opened the door to speculation about his recent duty performance; they cannot complain because the members were permitted to look inside. See United States v. Ledezma, supra, and United States v. Jeffries, 47 C.M.R. 699 (A.F.C.M.R. 1973). The military judge must be given wide latitude in responding to a court member's request for additional evidence. Thus, under these facts, we hold that the military judge properly admitted evidence of the accused's duty performance in response to a court member's inquiry.

We resolve the remaining assignment of error adversely to the accused. The findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

KASTL and MILLER, Judges, concur.

---

**2.** Presidential Executive Order 12315 of 29 July 1981, extensively amended the Manual for Courts-Martial, 1969 (Rev.), paragraph 75. However, those changes which post-date the trial of this case are inapplicable here.