**UNITED STATES**

v.

**Randolph Anthony STURWOLD, 272 60 8323, Airman Recruit (E–1), U. S. Naval Reserve.**

**NMCM 81 2410.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 31 Dec. 1980.

Decided 19 Feb. 1982.

LCDR William A. DeCicco, JAGC, USN, Appellate Defense Counsel.

LCDR Michael R. McGuire, JAGC, USN, Appellate Government Counsel.

Before GLADIS, Senior Judge, and BYRNE and MALONE, JJ.

BYRNE, Judge:

Appellant, convicted, contrary to his pleas, by a special court-martial, military judge alone, of a 171-day unauthorized absence in violation of Article 86 of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886, assigns the following error:

THE PROSECUTION FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT APPELLANT WAS A RESERVIST ON ACTIVE DUTY AT THE TIME OF THE ALLEGED UNAUTHORIZED ABSENCE.

We believe the assignment of error lacks merit.

The specification alleged that appellant was in the "U. S. Naval Reserve, on active duty." To prove the unauthorized absence, two exhibits were received into evidence: an enlistment contract indicating the commencement of a 6 year enlistment in the Naval Reserve (DD Form 4/1; Enlistment/Reenlistment Document-Armed Forces of the United States), and a service record entry (Record of Unauthorized Absence). The service record entry alleged that the appellant was AWOL from the USS KITTY HAWK (CV–63) from 0001, 27 May 1980 until he surrendered at 0800 on 15 November 1980. It further stated that the appellant was absent from the USS KITTY HAWK, (entry 19, Prosecution Exhibit 2), and that he had failed to report to that ship not later than 2400 on 26 June 1980 (entry 49, Prosecution Exhibit 2). One of the elements of unauthorized absence is:

(a) That the accused absented himself for a certain period from *his* unit. (Emphasis supplied.)

Paragraph 165, *Manual for Courts-Martial, 1969 (Rev.) (Manual)*.

A service record entry, even when rebutted, has been accorded sufficient weight to convict an accused. *United States v. Demings*, 22 U.S.C.M.A. 483, 47 C.M.R. 732 (1973). The service record entry in this case is unrebutted.

■ Appellant, obviously, could not have been an unauthorized absentee *from* the

USS KITTY HAWK *unless* he had been on active duty on the inception date of his unauthorized absence. Consequently, we hold that the service record entries circumstantially establish that the accused was on active duty on the inception date of his unauthorized absence. *Cf. United States v. Hedges*, 16 C.M.R. 412, 415 (N.C.M.R.1954).

The litigation of the merits encompassed a waiver of opening statement by both counsel, and a presentation of Prosecution Exhibits 1 and 2 by the trial counsel, with "no objection" by the defense. (R. 7.)[1] The defense did object to the four prosecution exhibits offered in aggravation and was successful in excluding all of them. The military judge received two defense exhibits into evidence and the appellant then made an unsworn statement in which he requested a bad-conduct discharge.

■ This situation cries out for applications of the waiver doctrine. However, paragraph 68*b*(1) of the *Manual* precludes application of the doctrine. *United States v. Garcia*, 5 U.S.C.M.A. 88, 17 C.M.R. 88 (1954). Paragraph 68*b*(1) states:

> If the court lacks jurisdiction or if the charges fail to allege any offense under the code, the proceedings are a nullity. These objections cannot be waived and may be asserted at any time.

If the drafters of the *Manual* had followed more closely the language of Rule 12 of the Federal Rules of Criminal Procedure, which they apparently meant to do, the United States Court of Military Appeals would have been "obliged to hold that entering a plea of not guilty—as opposed to standing mute—prevented a subsequent contest concerning jurisdiction over the person." *Garcia, supra,* at 95. Consequently, the *Manual,* as interpreted by *Garcia, supra,* precludes the application of the waiver doctrine in this case.

After examining the entire record of trial, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the sub-

stantial rights of the appellant was committed. Accordingly, the findings and sentence as approved on review below are affirmed.

Senior Judge GLADIS and Judge MALONE concur.

---

1. The jurisdiction issue was not raised at trial, consequently *United States v. Bailey*, 6 M.J.