## UNITED STATES

v.

**Sterling L. KING, 344 36 0001, Personnelman First Class (E–6), U. S. Navy.**

**NMCM 81 2051.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 10 Feb. 1981.

Decided 20 May 1982.

LT Georgia L. Winstead, JAGC, USNR, Appellate Defense Counsel.

LCDR Craig A. Biegel, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C. J., and GORMLEY and MAY, JJ.

## PER CURIAM:

At a general court-martial with members, appellant was found guilty, consistent with his pleas, of eleven specifications of larceny and one specification of wrongful appropriation under Article 121, Uniform Code of Military Justice (UCMJ) 10 U.S.C. § 921; one period of unauthorized absence in violation of Article 86, UCMJ, 10 U.S.C. § 886; eleven specifications of forgery under Article 123, UCMJ, 10 U.S.C. § 923; nine specifications of making worthless checks under Article 123(a), UCMJ; and three specifications alleging the making or presenting of a false writing in violation of Article 132, UCMJ, 10 U.S.C. § 932. Members sentenced appellant to a bad-conduct discharge, confinement at hard labor for 10 years, forfeiture of all pay and allowances, and reduction to E–1. The convening authority, under the terms of a pretrial agreement, approved only that portion of the adjudged sentence providing for a bad-conduct discharge, confinement at hard labor for 18 months, total forfeitures, and reduction to the lowest enlisted pay-grade.

In appellant's assignments of error, we find two which merit discussion:

I

THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL DURING THE PRESENTENCING PHASE OF THE TRIAL DUE TO COUNSEL'S FAILURE TO PRESENT ANY EVIDENCE IN EXTENUATION AND MITIGATION.

II

THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT IN FAILING TO INSTRUCT THE MEMBERS THAT THEY COULD DRAW NO ADVERSE INFERENCE FROM THE APPELLANT'S SILENCE IN EXTENUATION AND MITIGATION.

I

During presentencing, the Government offered in aggravation simply a biographical information sheet indicating, *inter alia*, appellant's educational background, prior service, the pretrial confinement served, and a partial list of medals and awards received. The defense was then invited to introduce evidence in extenuation and mitigation; however defense counsel indicated that he had nothing to offer. That comment prompted the following colloquy, before the members, between appellant and the military judge:

MJ: Petty Officer King, do you recognize this as the opportunity that you have to present matters if you so desire?

ACCUSED: Yes, sir.

MJ: Is it your desire then to proceed without presenting any further matter?

ACCUSED: Yes, sir, it is.

While defense counsel, in his argument on sentence, briefly alluded to financial hardship as a possible cause of the offenses before the court, his comments primarily focused on appellant's seventeen years of prior service and the effects of a punitive discharge on appellant's retirement benefits.

Post-trial affidavits submitted by appellate defense counsel, pursuant to Rule 23, Rules of Practice and Procedure for the Courts of Military Review, 10 MJ LXXXVI-II, clarify the circumstances underlying the defense tactics employed at trial. In his affidavit, appellant states that prior to trial, his detailed defense counsel explained appellant's right to submit favorable information from his service record and to make

a statement, indicating that such information might lessen the severity of the punishment awarded. Appellant declined to offer evidence in extenuation and mitigation, believing that the sentence limitations in his pretrial agreement rendered the court-martial a mere formality. Trial defense counsel apparently did not press the issue. An affidavit from the detailed defense counsel verifies appellant's version of that conversation. Entries from appellant's service record forwarded with the affidavits reveal consistently average to above average enlisted performance evaluations, two occasions when appellant volunteered for service in Vietnam, and presentation of the Meritorious Unit Commendation and the Armed Forces Expeditionary Medal.

Appellant now asks this Court to set aside his sentence, arguing that trial defense counsel's decision to "remain silent when there [was] no realistic strategic or tactical decision to make but to speak up," *United States v. Rivas*, 3 M.J. 282, 281 (C.M.A.1977), denied him effective assistance of counsel. For the reasons indicated below, we decline to provide the requested relief.

■ While charged with a professional obligation to safeguard the interests of his or her client, trial defense counsel faces an inherent conflict in exercising that responsibility. Counsel is expected to present all known and available evidence which would manifestly and materially sway the outcome of the case. *United States v. Broy*, 14 U.S.C.M.A. 419, 34 C.M.R. 199 (1964). Moreover, the obligation to further the client's interests is not discharged with the negotiation of a favorable pretrial agreement, but rather continues through all phases of the trial, including sentencing. *United States v. Allen*, 8 U.S.C.M.A. 504, 25 C.M.R. 8 (1957). Yet defense counsel also remains an advocate for his or her client, and as such, is expected to accede to those trial decisions recognized as being within the exclusive purview of an accused. *United States v. Larneard*, 3 M.J. 76, 81, n.18 (C.M.A.1977). *See* ABA Criminal Justice Standards 4–5.2 (2nd ed. 1979). Reconcilia-

tion of these competing demands requires, at the very least, that defense counsel fully and carefully advise the client of the best course of action available and that he "exert every effort to sway his client's judgment." *United States v. Blunk*, 17 U.S.C.M.A. 158, 160, 37 C.M.R. 422, 424 (1967).

■ Applying that standard of professional responsibility to the facts in the instant case, we find that trial defense counsel's failure to present any evidence in extenuation and mitigation bordered very closely on ineffective representation. *United States v. Elser*, No. 71 0203 (N.C.M.R. 18 March 1971). Appellant's election to remain a passive participant in his own court-martial did not relieve trial defense counsel of his responsibility to present any readily available evidence in extenuation and mitigation. Appellant's silence during presentencing would not preclude the defense from offering favorable documents from his service record, documents which apparently were available, or from exploring other available avenues for presenting an unsworn statement. In this instance, trial defense counsel failed to specifically provide amplifying information on appellant's prior service, on possible reasons why appellant would embark on such a series of criminal offenses, or elaboration on appellant's awards and decorations. *See Elser, supra.* From the affidavits provided to this Court, we find no indication that trial defense counsel "exerted every effort" to correct appellant's misperception of his court-martial and the value of evidence in extenuation and mitigation.

■ Still, under the circumstances of the case *sub judice*, we are constrained to believe that the remedy requested by appellant is unwarranted. Given the number of charges and specifications before the court and the pattern of criminal behavior portrayed, it is unlikely that members would have awarded a sentence less severe than that ultimately approved by the reviewing authority, even with the benefit of appellant's service record entries. Accordingly, we find that trial defense counsel's failure to introduce evidence in extenuation and

mitigation, while inappropriate, was non-prejudicial in the context of the immediate case.

## II

Appellant also assigns as error the military judge's failure to instruct the members regarding appellant's right to remain silent during presentencing. Appellant argues that protective instructions were required by military due process in light of the colloquy, before members, between appellant and the military judge, quoted previously. We disagree, finding that the military judge's comments imposed no penalty on appellant for exercising his constitutional privilege to remain silent.

▮ Both the Fifth Amendment and federal statutory law prohibit adverse comments before the jury regarding an accused's election to remain silent at trial. *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); 18 U.S.C. § 3481. Thus the military judge and trial counsel would be precluded from making statements which "solemnize the silence of the accused into evidence against him." *Griffin, supra* at 614, 85 S.Ct. at 1233. Similarly, the military judge would be required to provide appropriate protective instructions to the court when comments have drawn the members' attention to the accused's failure to testify, *United States v. Jackson*, 6 M.J. 116 (C.M.A.1979); *United States v. Suttles*, 6 M.J. 921 (A.F.C.M.R. 1979), or where so requested by the defense. *United States v. Flinchbaugh*, 1 M.R. 1140 (N.C.M.R. 15 1977). *See Carter v. Kentucky*, 450 U.S. 288, 101 S.Ct. 1112, 67 L.Ed.2d 241 (1981); *Bruno v. United States*, 308 U.S. 287, 60 S.Ct. 198, 84 L.Ed. 257 (1939).

▮ Yet curative instructions would not be required in all instances where the defense has declined to present evidence in extenuation and mitigation. Rather the constitutional right is abridged only where the "language used was manifestly intended or was of such a character that the jury would naturally and necessarily take it to be a comment on the failure of the accused

to testify." *United States v. Williams*, 521 F.2d 950, 953 (D.C.Cir.1975). When considered from that perspective, the statements made by the military judge in the instant case had no prejudicial effect sufficient to warrant protective instructions *sua sponte*. The military judge merely indicated that appellant now had the opportunity "to present matters if you so desire", and elicited appellant's wish to proceed absent such evidence. No reference was made before the members to the possibility of making a sworn or unsworn statement, or the procedural ramifications associated with those methods of bringing information before the court. In this respect, the instant case is clearly distinguishable from *Jackson* and *Suttles*.

▮ Having previously explained to appellant his rights in extenuation and mitigation outside the presence of the members, the preferable procedure would have been simply to omit the discussion with appellant and proceed immediately to argument on sentence. If the military judge felt it necessary to clarify the defense decision to forego evidence in extenuation and mitigation and to obtain appellant's assurances regarding that tactic, an Article 39(a), UCMJ, 10 U.S.C. § 839, session would have been more appropriate. *Cf. United States v. Williams*, 20 U.S.C.M.A. 47, 42 C.M.R. 239 (1970). Nevertheless, considering the brevity of the military judge's statements, we find that the error was not of such a magnitude as to materially prejudice the substantial rights of appellant. *United States v. Lamb*, 6 M.J. 542 (N.C.M.R.1978). The defense on two occasions was invited to offer additional instructions and to raise any objection to the instructions actually given. Absent a specific defense request for protective instructions, we find that the military judge's comments were not adverse to appellant's constitutional right to remain silent and, under the circumstances, did not require a *sua sponte* instruction to the members. *See United States v. Williams*, 521 F.2d 950, n.6 (D.C.Cir.1975).

## III

We have reviewed the remaining assignments of error and find them to be without merit. We note, however, that the military judge entered a finding of guilty with respect to specification 5 of Charge V, despite appellant's plea of not guilty and the Government's decision not to go forward on the specification. The finding of guilty as to specification 5 of Charge V is therefore set aside. Upon reassessment, we find the sentence as finally approved to be appropriate. The findings and sentence as approved on review below are affirmed.

The general court-martial order also incorrectly reflects appellant's plea under specifications 10 and 11 of Charge IV, and fails to indicate that those specifications were dismissed at trial. The convening authority is directed to issue a supplemental court-martial order reflecting the pleas and findings contained in the trial record.