**UNITED STATES**

v.

**Dino Vincent MASSERIA, 547 27 8253, Fireman Apprentice (E–2), U. S. Naval Reserve.**

**NMCM 81 3606.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 22 April 1981.

Decided 21 May 1982.

CDR Matthew J. Wheeler, JAGC, USNR, Appellate Defense Counsel.

LT Stephen R. Cochell, JAGC, USNR, Appellate Defense Counsel.

MAJ Charles Wm. Dorman, USMC, Appellate Government Counsel.

Before BAUM, Senior Judge, and ABERNATHY and KERCHEVAL, JJ.

ABERNATHY, Judge:

Appellant was tried by special court-martial, military judge alone. Contrary to his pleas, appellant was found guilty of three specifications alleging violations of Article 86, UCMJ, 10 U.S.C. § 886; Unauthorized Absence. Appellant was sentenced to be confined for two months, to forfeit $300.00 pay per month for two months, to be reduced to pay-grade E-1, and to be discharged with a bad-conduct discharge. The convening and supervisory authorities approved the sentence as adjudged.

The government's case-in-chief consisted of (1) the enlistment contract (Pros. Exhibit 1) of the accused showing that he had enlisted in the Naval Reserve for a period of six years and that thirty-six months of that obligation would be spent on active duty, and (2) three pages 1070/606 (Prosecution Exhibits 2, 4 and 5) from the accused's service record. These latter documents, in addition to establishing commencement and termination dates for the respective absences, also contained an abundance of information from which accused's active duty status could have been deduced.[1] Additionally, the specifications upon which he was tried each asserted the accused's status as "U. S. Naval Reserve, USS KINKAID (DD-965) on active duty." At the conclusion of the government's case, the defense, which had not contested jurisdiction by means of a motion to dismiss, presented neither a motion for findings of not guilty nor a case-in-chief, resting immediately. The government argued its case and defense declined an opportunity to argue on findings. The following colloquy then transpired:

TJ: Well, then the court will request of the government, whether or not it intends to offer evidence to indicate that the accused was on active duty?

TC: May the government have a brief recess, Your Honor?

TJ: Five minutes. The court will be in recess for five minutes.

The Court recessed at 0907 hours, 22 April 1981.

The Court was called to order at 0934 hours, 22 April 1981.

All parties to the trial who were present when the court recessed were again present in court.

TJ: The court will come to order.

TC: Your Honor, I'd just like to mark these documents. The last was Prosecution Exhibit 5, as I recall?

TJ: Uh huh.

TC: Your Honor, the government is not that sure as far as the proceeding of this, but we would like to get a ruling on the paperwork after the government—

TJ: —you rested.

TC: I'm sorry, Your Honor.

TJ: You rested.

TC: Well, the government does intend to show active duty.

---

1. Each of these exhibits indicates an activity (USS KINKAID) from which the member was UA (block 19); the time and place where he returned to military jurisdiction (blocks 20, 21 and 25); the fact that he surrendered (block 23); the fact that his EAOS (expiration of *active* obligated service) had been changed by reason of lost time (blocks 39, 40 and 41). *United States v. Sturwold*, 12 M.J. 931 (N.C.M.R.1982).

TJ: You rested. Are you asking to re-open?

TC: Yes, Your Honor.

TJ: Does the defense have any objection to the government reopening its case?

TC: Yes, Your Honor, we would object that it is very late in the game to be reopening the government's case. We have already had both sides present their case, and argument has been given. It is a little late in the game now to be reopening.

TJ: Objection is overruled, you may re-open.

(R. 9, 10).

Based upon the foregoing, appellate defense counsel has assigned the following errors for our consideration:

I. THE MILITARY JUDGE ERRED IN GRANTING THE GOVERNMENT LEAVE TO REOPEN ITS CASE AFTER THE CLOSE OF ALL EVIDENCE AND FINAL ARGUMENT AS THE *MANUAL FOR COURTS–MARTIAL, 1969 (REV.)* DOES NOT PERMIT THIS PROCEDURE.

II. THE MILITARY JUDGE ABANDONED HIS ROLE AS IMPARTIAL TRIER OF FACT WHEN, AFTER THE CLOSE OF ALL EVIDENCE AND ARGUMENT BY BOTH SIDES, HE *SUA SPONTE* REQUESTED THE GOVERNMENT TO PRESENT ADDITIONAL EVIDENCE ON THE ELEMENT OF JURISDICTION AND SUBSEQUENTLY ALLOWED THE GOVERNMENT TO REOPEN ITS CASE–IN–CHIEF.

III. ASSUMING *ARGUENDO*, THE *MANUAL FOR COURTS–MARTIAL* PERMITS THE MILITARY JUDGE DISCRETION TO GRANT THE GOVERNMENT LEAVE TO REOPEN ITS CASE–IN–CHIEF AFTER THE CLOSE OF ALL EVIDENCE AND AFTER FINAL ARGUMENT, SUCH A PROCEDURE IS UNCONSTITUTIONAL AS IT VIOLATES PRINCIPLES OF DUE PROCESS AND DENIES THE ACCUSED EFFECTIVE ASSISTANCE OF COUNSEL.

■ In our view, the evidence introduced by the trial counsel as his case-in-chief was adequate to establish appellant's guilt beyond a reasonable doubt. Thus, there was no valid reason for the military judge to allow the government to reopen its case; that he did so stemmed from his failure to appreciate the evidence he had before him, as well as *our holding in United States v. Bailey,* 6 M.J. 965 (N.C.M.R.1979), to the effect that the military status of an accused is not an element and need not be proved if not contested by the defense.[2]

While not conceding this to be the state of the law, appellate defense counsel argues that, even if it was, the military judge's [mis]perception of the law would have impelled him to acquit the accused, but for the additional evidence he received after allowing the government to reopen its case. It follows, then, according to appellant's reasoning, that the military judge abandoned his impartial role as a fact-finder when he called for—or provided the government the opportunity to present—additional evidence on the matter of the accused's active duty status.

■ Neither the briefs and arguments of counsel, nor our reading of the pertinent *Manual*[3] provision and military precedents[4]

---

2. Appellant's reliance upon our holding in *United States v. Spicer,* 3 M.J. 689 (N.C.M.R.1977) is misplaced.

3. Paragraph 54*b, Manual for Courts-Martial, 1969, (Rev.),* provides:

"Responsibility of the court. The court is not obliged to content itself with the evidence adduced by the parties. When that evidence appears to be insufficient for a proper determination of the matter before it or when not satisfied that it has received all available admissible evidence on an issue before it, the court may take appropriate action with a view to obtaining available additional evidence. The court may, for instance, require the trial counsel to recall a witness, to summon a new witness, or to make an investigation or inquiry along certain lines with a view to discovering and producing additional evi-

 

convince us that, at least in a trial before military judge only, there is any reason to draw a "bright line" of demarcation, at some point prior to the announcement of findings, after which the military judge cannot allow the government to reopen its case-in-chief.

■ We believe that the test to be applied in determining whether the fact-finder has abandoned his role as such and become a partisan participant is a subjective one [5] and that, standing alone, the act of calling for evidence relating to an essential matter which the judge believes the government has overlooked, does not amount to such conduct. Appellant, in his brief, appears to concede as much when the procedure is employed by the military judge in response to a motion for a finding of not guilty made by the defense at the close of the government's case or at the close of all evidence.[6] Somehow, according to appellant, that which the military judge could do in response to defense's motion immediately preceding arguments of counsel, he cannot do on his own motion immediately after arguments. We reject this proposition and, in so doing, reject appellant's first two assignments of error.

■ We find nothing in the foregoing result which is offensive to an accused's right to due process. We think the choice which trial defense counsel may be forced to make in deciding whether perceived weaknesses in the government's case should be exposed in his closing argument must rest upon his assessment of whether or not the government can cure the weakness. Forcing this tactical decision, among many others, upon defense counsel falls far short of denying an accused the effective assistance of counsel. Accordingly, the third assignment of error is also rejected.

dence. In doing so, however, the court must be careful not to depart from an impartial role. The right of the members to cause the recall of a witness or to call for additional evidence is subject to an interlocutory ruling by the military judge or the president of a special court-martial without a military judge as to the propriety thereof."

The findings and sentence as approved on review below are affirmed.

Senior Judge BAUM and Judge KERCHEVAL concur.

4. *See United States v. Parker*, 7 U.S.C.M.A. 182, 21 C.M.R. 308 (1956), and *United States v. Turkali*, 6 U.S.C.M.A. 340, 20 C.M.R. 56 (1955).

5. *See United States v. Hobbs*, 8 M.J. 71 (C.M.A. 1979), citing paragraph 54b, *Manual for Courts-Martial, 1969 (Rev.)*.

6. *See* paragraph 71a, *Manual for Courts-Martial, 1969 (Rev.)*.