UNITED STATES, Appellee,

v.

Anthony BRYANT, Private First Class,
U. S. Army, Appellant.

No. 31,774.

CM 433453.

U. S. Court of Military Appeals.

March 25, 1977.

*Captain Steven J. McAuliffe* argued the cause for appellant, Accused. With him on the brief were *Colonel Alton H. Harvey* and *Captain Lawrence E. Wzorek.*

*Captain Russell S. Estey* argued the cause for appellee, United States. With him on the brief were *Lieutenant Colonel Donald W. Hansen, Major John T. Sherwood, Jr.,* and *Captain Nancy M. Giorno.*

Opinion of the Court

FLETCHER, Chief Judge:

The appellant was convicted of sale of lysergic acid diethylamide (LSD) and communication of a threat in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 934, respectively. He was sentenced to a dishonorable discharge, forfeiture of all pay and allowances, confinement at hard labor for 3 years, and reduction to the grade of E–1. The convening authority approved the findings and sentence as did the Army Court of Military Review. We granted the petition for grant of review to determine whether

the trial judge prejudicially erred by failing to sua sponte instruct the court members as to the proper limited purpose of evidence of acts of uncharged misconduct introduced by the prosecution. Upon examination of the record, we conclude that this omission by the judge was prejudicial error.

■■■ During the prosecution portion of the trial on the merits, the trial counsel, over defense objection,[1] elicited testimony from an undercover police agent concerning inculpatory statements made by the appellant during the negotiations for the drug sales, as well as statements made to the agent in the hallway prior to the trial. The trial judge, upon ascertaining that the appellant's defense would be entrapment, allowed the testimony,[2] and neither instructed the court members prior to findings nor sentence as to the proper limited use of this testimony.[3]

■■■ There is no question that evidence of acts of uncharged misconduct, if accompanied by appropriate instructions, is admissible to demonstrate an individual's predisposition to commit the given offense once the defense of entrapment is interposed. *United States v. Howard,* 23 U.S.C.

M.A. 187, 48 C.M.R. 939 (1974). The Government contends, however, that the omission in this case was not prejudicial because the evidence on the merits was, in their view, overwhelming and guilt conclusively established. Counsel argue that the appellant, who judicially confessed, but relied upon the defense of entrapment, in effect mooted the resolution of all issues save that of the question of his predisposition, and, therefore, he could not have been prejudiced as to the findings rendered. We disagree, for this argument fails to perceive the standard enunciated in *United States v. Howard, supra,* and, under the present analysis for judicial examination of a claim of entrapment,[4] leads invariably to circular "Catch 22" resolutions against an accused. Court members cannot be expected to correctly perform their function of weighing all the evidence and applying the requisite legal standards to such evidence absent guidance from the trial judge. This is especially critical in those instances where the court members are asked to carefully listen to certain testimony, and then disregard it for all but one purpose. The inherent problems with this process are only heightened in cases such as this where the accused has

1. The trial defense counsel's objection was on the grounds of relevancy.

2. The trial judge during a brief side bar questioned both counsel and was informed by the trial defense counsel that the defense would argue entrapment to the court members. The trial judge then allowed the prosecution to present evidence of acts of uncharged misconduct to rebut the defense of entrapment which would be presented, but prior to its actual presentation. Appellate defense counsel have urged that this procedure was in and of itself, reversible error because such matters are admissible only to rebut the defense once it is raised either impliedly or expressly. *United States v. Carrier,* 50 C.M.R. 135 (A.F.C.M.R. 1975); *United States v. Owensby,* 46 C.M.R. 523 (N.C.M.R.1972). We agree with this general proposition for to do otherwise is to frustrate the appropriately narrow purpose of paragraph 138*g* of the Manual for Courts-Martial, United States, 1969 (Rev.) and to present the court members with damaging evidence to an accused which can rarely be ameliorated by a cautionary instruction. *United States v. Owensby, supra.*

However, in this case, the defense counsel informed the trial judge of his decision to rely upon the defense of entrapment, and hence, the matters presented by the prosecution did constitute proper rebuttal under paragraph 138*g*. Although the procedure utilized was outside the norm, we find under these facts no abuse of discretion by the trial judge and no prejudice to the appellant.

3. As correctly noted by Government counsel, a standard instruction for this very situation is provided in paragraph 9–31 of the Military Judges Guide. As we made clear in *United States v. Howard,* 23 U.S.C.M.A. 187, 48 C.M.R. 939 (1974), guidance to the court members is essential; a trial judge need not track the language of each standard found in the Guide so long as he provides clear guidance on the particular question, and tailors the evidence presented to the issue(s) to be resolved. His discretion does not, however, involve omission of guidance.

4. *See United States v. Russell,* 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973); *United States v. Garcia,* 23 U.S.C.M.A. 403, 50 C.M.R. 285, 1 M.J. 26 (1975).

admitted the act, but interposed a defense absolving him of legal accountability. To expect the court members when confronted with what must be perceived as factual guilt, to utilize the evidence only in its permissible limited form, and thereby render their findings properly, absent clear instructions, is unrealistic. *United States v. Weindling,* 50 C.M.R. 240 (A.C.M.R.1975). Uncharged misconduct is only relevant as indicia of general predisposition to commit a certain act. We cannot fairly conclude that, absent express guidance from the trial judge, court members would not improperly utilize such evidence to determine whether this accused was, in fact, specifically predisposed to make this particular sale. *See United States v. Grunden,* 2 M.J. 116 (1977).

We conclude, therefore, that the trial judge's failure to properly instruct the court members prejudiced the appellant as to the findings rendered, and reversal is required. *United States v. Gaiter,* 23 U.S.C.M.A. 438, 50 C.M.R. 397, 1 M.J. 54 (1975); *United States v. Graves,* 23 U.S.C.M.A. 434, 50 C.M.R. 393, 1 M.J. 50 (1975). Our disposition of this question makes it unnecessary for us to address the argument of counsel that the prejudice from the failure to instruct, if any, was limited only to the sentencing portion of the trial.

The decision of the United States Army Court of Military Review is reversed, and the record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

Judge PERRY concurs.

COOK, Judge (concurring in part, dissenting in part):

I agree with the determination in note 2 of the principal opinion that the trial judge did not err to accused's prejudice in allowing trial counsel to introduce, out of regular order, evidence of accused's previous misconduct. I also agree that the judge should have instructed the court members as to the limited purpose for which the evidence was admitted, but I disagree with the conclusion that the omission was prejudicial to the accused.

In asserting the defense of entrapment, the accused admitted the LSD charge. Consequently, the only issue as to that offense was the accused's predisposition to commit it. Thus, the only use the court members could possibly have made of the evidence of other misconduct was in regard to that issue; and that is precisely what would have been achieved by the limiting instruction. As to the charge of communicating a threat, the testimony of two Government witnesses compellingly established the commission of the offense; additionally, during his own testimony, the accused admitted utterance of the words, but maintained he was only "running off at the mouth." That circumstance does not constitute legal justification or excuse for the offense; at best, it seeks to mitigate it. The evidence of guilt, therefore, is so compelling that I have no doubt whatever that the evidence of other misconduct had no impact upon the court members in their deliberations as to this offense. As to the sentence, paragraph 76*a*(2) of the Manual for Courts-Martial, United States, 1969 (Rev.), authorizes consideration of evidence of other acts of misconduct for the purpose of sentence, "even if it was introduced for a limited purpose before the findings." That provision has been sustained by this Court. *United States v. Worley,* 19 U.S.C.M.A. 444, 42 C.M.R. 64 (1970). Accordingly, I would affirm the decision of the United States Army Court of Military Review.