**UNITED STATES, Appellee,**

v.

**Private First Class Kenneth E. SIMMONS, SSN 550–13–8637, United States Army, Appellant.**

**CM 434820.**

U. S. Army Court of Military Review.

8 July 1977.

Lieutenant Colonel John R. Thornock, JAGC, Major Benjamin A. Sims, JAGC, and Captain Richard E. Schmidt, JAGC, were on the briefs for appellant.

Lieutenant Colonel John T. Sherwood, Jr., JAGC, Major Steven M. Werner, JAGC, and Captain Glen D. Lause, JAGC, were on the pleadings for appellee.

Before JONES, FULTON and FELDER, JJ.

## OPINION OF THE COURT

JONES, Senior Judge:

The appellant was convicted, contrary to his pleas of not guilty, of robbery (two specifications) and of possession of a hypodermic syringe in violation of Articles 122 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 922 and 892. We are reviewing the case pursuant to Article 66, UCMJ, 10 U.S.C. § 866.

We are concerned with the question of whether the military judge was required to give a limiting instruction on uncharged misconduct in spite of trial defense counsel's repeated request that such an instruction not be given. An outline of the factual setting for this issue is in order.

The robbery of two servicemen occurred in the barracks room of one of the victims. The victims reported the incident immediately to the charge of quarters who, in turn, called the battery commander. While relating the event to their commander in his office, the victims saw the perpetrators walking by outside the window. The commander called to the men to halt and asked an officer who was approaching to stop them. The men began to split up, making it difficult for the officer to intercept them. The officer confronted the appellant, asked for his identification card and directed him to return with the officer to the battery. The appellant refused to show his identification card and refused to return to the unit, walking away instead. It is this insubordination, brought to the attention of the court through the testimony of the officer concerned, which is the subject of the dispute.

The misconduct was initially mentioned in direct examination without objection by defense counsel. Subsequently when a court member asked the witness about the matter, the defense counsel interposed an objection. In a side-bar conference the military judge surmised that the evidence was admissible as tending to identify the accused and as tending to show consciousness of guilt. The judge stated he would give a limiting instruction on the matter. He also proposed to permit no further inquiry along that line. The defense counsel agreed with the judge's course of action.

The judge told the court members they could go no further into the misconduct but gave no limiting instructions at that time. Later, in a conference on instructions, the judge indicated he would give a limiting instruction on the uncharged misconduct but stated he understood that defense wanted to waive that instruction. The defense counsel confirmed the desired waiver and no instruction was given. Similarly, the defense counsel affirmatively waived a like instruction before sentencing. We must determine whether such waivers were permissible and if not, whether the failure to give the instruction was prejudicial to the appellant.

Initially, we agree with the military judge that the evidence of uncharged misconduct was admissible and that a limiting instruction was necessary. However, we conclude that the defense counsel may no longer waive such an instruction even though from his experience as an advocate and from his knowledge of the case and the court members, he perceived a tactical advantage in the waiver. *United States v. Bryant*, 3 M.J. 9 (C.M.A. 1977); *United States v. Grunden*, 25 U.S.C.M.A. 327, 54 C.M.R. 1053, 2 M.J. 116 (1977). Accordingly, we hold that it was error for the military judge not to give the limiting instruction on uncharged misconduct.

We turn now to the question of prejudice to the appellant from the failure to give the instruction. This inquiry is necessary to determine the effect of the evidence. *United States v. Bryant, supra; United States v. Back*, 13 U.S.C.M.A. 568, 33 C.M.R. 100 (1963); *United States v. James*, 3 M.J. 851 (A.C.M.R. 6 July 1977). We find no reasonable possibility of prejudice here. The evidence of appellant's guilt is compelling. Not only were the victims' identification of appellant positive and their description of his actions unwavering, but another witness, who was a roommate of one of the perpetrators, testified that appellant and the other two co-actors were in their barracks room discussing commission of the robberies shortly after they occurred. At trial the appellant denied complicity in the offenses, stating he was alone in his room at the time. His story is unconvincing.

Another factor indicating the nonprejudicial effect of the evidence is the defense counsel's attempted waivers of limiting instructions. Had he deemed the evidence prejudicial he obviously would have requested a limiting instruction. Although it could be argued that his actions were intended only to preclude high-lighting the issue, without indicating it was not prejudicial, nevertheless, his waivers indicate his opinion that the matter was probably forgotten by the court and was of little consequence.

We find that the compelling evidence of guilt precluded any possibility of prejudice either on the finding or on the sentence. *United States v. Kirby*, 16 U.S.C.M.A. 517, 37 C.M.R. 137 (1967); *United States v. James, supra*.

The findings of guilty and the sentence are affirmed.

Judge FULTON and Judge FELDER concur.