UNITED STATES, Appellee,

v.

Gary E. DEFORD, Sergeant, U. S. Marine Corps, Appellant.

No. 34,360.

NCM 77–0089.

U. S. Court of Military Appeals.

May 15, 1978.

Lieutenant Karl Zobrist, JAGC, USNR, and Lieutenant Christopher C. Henderson, JAGC, USNR, were on the pleadings for Appellant, Accused.

Lieutenant Commander N.P. DeCarlo, JAGC, USN, Captain Christopher Miller Klein, USMC, and Lieutenant Michael C. Farrow, JAGC, USNR, were on the pleadings for Appellee, United States.

## Opinion of the Court

PER CURIAM:

In defending himself against a charge of possession, transfer and sale of marihuana,[1] the appellant testimonially denied the allegations and represented his general character as being that of a moral, law-abiding citizen. Cross-examination elicited testimony from him concerning a prior conviction by civil authorities in North Carolina.[2] The appellant urges us to hold that the military judge, exercising his discretion, erred in not giving cautionary instructions to guide the finders of fact. We have examined the judge's action in light of the criteria enumerated in United States v. Weaver, 1 M.J. 111 (C.M.A.1975), and find appellant's assertion to be without merit.

The decision of the United States Navy Court of Military Review is affirmed.

COOK, Judge (concurring):

Appellant was convicted by special court-martial, consisting of members, of two specifications each of the possession, transfer,

---

1. The appellant was tried on October 15, 1976, and convicted, contrary to his pleas, of a charge and six specifications of possession, transfer and sale of marihuana, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. His sentence of confinement for two months, reduction to E–1, and a bad-conduct discharge was approved by the convening authority, except the bad-conduct discharge was suspended for one year with provision for automatic remission. This modified sentence was approved by the supervisory authority and affirmed by the United States Navy Court of Military Review.

2. We agree with the conclusion of the Court of Military Review that paragraph 153b (2)(b) of the Manual for Courts-Martial, United States, 1969 (Revised edition), controlled admission of this evidence of prior conviction. See Fed.R. Evid. 609 (1975).

and sale of marijuana, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. We granted review to determine whether the military judge prejudicially erred by admitting evidence of a previous conviction without the necessary cautionary instruction as to the limited purpose for which it could be considered.

The facts giving rise to the granted issue are not in dispute. A police informant testified that he purchased marijuana from the accused on June 2, 1976. An undercover agent testified that he was subsequently taken to the appellant by the informant on the same date, and, while the appellant had no remaining marijuana, he arranged with another individual for the agent to purchase marijuana.[1] Appellant testified in his own defense and specifically denied that he was involved in the sales. He also testified on direct examination that he had never possessed marijuana. On cross-examination, he admitted he had been convicted of the possession of marijuana by a civilian court. The military judge did not instruct the court members that the evidence could be used only in assessment of accused's credibility.

The majority, citing *United States v. Weaver*, 1 M.J. 111 (C.M.A.1975), conclude the military judge did not err by failing to give cautionary instructions. However, the issue discussed in *Weaver* is the prerequisites for admitting evidence of a previous conviction—not the failure to give a cautionary instruction. Appellant's testimony was inconsistent with a conviction of possessing marijuana and, therefore, the conviction was obviously admissible to impeach his credibility. Paragraph 153*b* (2)(b), Manual for Courts-Martial, United States, 1969 (Revised edition).[2]

Turning to whether the judge erred to the prejudice of appellant by failing to give a cautionary instruction, the Court has held that the judge has an affirmative duty to give a cautionary instruction on the limited purpose of evidence relating to uncharged misconduct. *United States v. Bryant*, 3 M.J. 9 (C.M.A.1977). My brothers have applied that rule to a case in which defense counsel affirmatively requested that no appropriate instruction be given. *United States v. Grunden*, 2 M.J. 116 (C.M.A.1977). In the present case, defense counsel did not affirmatively request any limiting instruction and did not request that no instruction be given. Thus, *Bryant* and *Grunden* appear to require a finding of error in the present case; consequently, I do not understand the principal opinion.

In my separate opinion in *Bryant*, I observed that an error of the kind in issue must be tested for prejudice. My examination of the record convinces me that the omission of the instruction did not prejudice the appellant. I, therefore, concur in affirmance of the decision of the Court of Military Review.

---

1. Appellant was alternatively charged with the possession, transfer, and sale as to such transactions but the military judge instructed the court members that the offenses of possession and transfer were multiplicious with the two sales.

2. The parties disagree as to whether the conviction was a crime of moral turpitude and whether the character of the crime is judged by military law or the law of the civilian jurisdiction in question. However, in view of its admissibility as a contradiction of appellant's direct testimony, it was admissible in any event, and it is unnecessary to resolve this argument.