UNITED STATES, Appellee,

v.

Jesse JAMES, Private, U. S. Army, Appellant.

No. 34,551.

CM 435602.

U. S. Court of Military Appeals.

Sept. 25, 1978.

For Appellant—*Captain Michael B. Dinning* (argued); *Colonel Robert B. Clarke* (on brief); *Colonel Edward S. Adamkewicz, Jr.; Lieutenant Colonel John R. Thornock* (on petition); *Major Benjamin A. Sims* (on brief); *Captain Demmon F. Canner* (on brief).

For Appellee—*Captain Robert D. Newberry* (argued); *Colonel Thomas H. Davis* (on brief); *Lieutenant Colonel R. R. Boller* (on petition); *Captain Richard A. Kirby* (on brief).

Opinion of the Court

PER CURIAM:

■ Examination of the facts of this case [1] reveals a bramble-bush of testimonial controversy over statements of the appellant allegedly embodying evidence of uncharged misconduct. These, appellant asserts, required the military judge to issue

1. Appellant was found guilty by a general court-martial, contrary to his pleas, of arson, in violation of Article 126, Uniform Code of Military Justice, 10 U.S.C. § 926. This finding and the sentence to a bad-conduct discharge, confinement and total forfeitures for 2 years, and reduction to the lowest pay grade, was approved by the convening authority and affirmed by the United States Army Court of Military Review.

limiting instructions and his failure to do so mandates reversal. Without enmeshing ourselves in the undelineated evidence in this transcript, we would characterize the statements made before and after the execution of the charged criminal act as facts immediately related to the determination of guilt as to the charge successfully prosecuted. *See McCormick on Evidence*, (2d ed.), § 190 (1972).

Are statements of this character such that they would fall within the *sua sponte* obligation of the trial judge to instruct on "uncharged misconduct" as announced by this Court in *United States v. Graves*, 1 M.J. 50 (C.M.A. 1975), and *United States v. Grunden*, 2 M.J. 116 (C.M.A. 1977)? We determine that they are not.

We thus decide what is the definition of uncharged misconduct which brings that misconduct within the purview of the *Grunden* admonition: "When evidence of uncharged misconduct is permitted, nothing short of an instruction, will suffice." *United States v. Grunden, supra*, at 119. In *Grunden*, the uncharged misconduct which we found required a *sua sponte* instruction was evidence which gave rise to acts sufficient to support independent criminal charges of equal gravity as those charges for which Airman Grunden was on trial. The inference of a general predisposition in the accused to commit the charged criminal act was inevitable without proper instruction.

The general rule of inadmissibility of evidence of other offenses or acts of misconduct is set out in paragraph 138*g*, Manual for Courts-Martial, United States, 1969 (Revised edition):

The general rule is that evidence of other offenses or acts of misconduct of the accused is not admissible as tending to prove his guilt, for originally this evidence would be useful only for the purpose of raising an inference that the accused has a disposition to do acts of the kind charged or criminal acts in general.

To this rule, seven exceptions are enumerated in the Manual. Distinctions among these exceptions and their opposition to the general rule were written with grey ink; to decide when specific evidence falls without the purview of the general rule remains difficult. Even with the guidance of the Manual, there simply can be no mechanical answer to whether otherwise inadmissible evidence falls into an exception or whether a judicial instruction is mandated.

■ Thus, judicial discretion must be exercised in determining whether the danger of undue prejudice outweighs the probative value of the evidence, taken always in the context of the availability of other means of proof. In the event the evidence is admitted, para. 138*g, Manual, supra*, provides:

If evidence of other offenses or acts of misconduct of the accused is admitted under the above provisions, the military judge, or the president of a special court-martial without a military judge, should instruct the members of the court in open session concerning any limitations upon the purpose for which the evidence may be considered.

■ However, the rule in *Grunden, supra*, goes to uncharged crimes rebutting mistake or accident, or absence of plan or intent. Therefore, the rule should not necessarily apply where the uncharged conduct is part of the chain of events that leads to the consummation of the crime charged. Some acts have meaning only when they are placed in the fabric of the completed crime. These acts evidence no general predisposition to commit arson offenses. Since the acts embodied in this contested evidence of uncharged misconduct bear immediate relation to the determination of guilt, they do not fall within the *Grunden* rule, so no instruction was required.

The decision of the United States Army Court of Military Review is affirmed.

COOK, Judge (concurring):

Evidence of uncharged misconduct that is "part and parcel" of admissible evidence of the offense charged does not require a limiting instruction. *United States v. Tobin*, 17 U.S.C.M.A. 625, 631, 38 C.M.R. 423, 429 (1968). Here some of the evidence of other

misconduct comes within this rule. However, as indicated by the Court of Military Review, other evidence can be regarded as indicating that, after commission of the offense charged, the accused had "attempted to obstruct justice." At trial, "as part of . . . trial tactics," defense counsel filed a document titled "Waiver of Uncharged Misconduct Instruction" as to evidence tending to show specified acts of misconduct and "any other alleged misconduct." In my opinion, the waiver denies the accused the right to rely upon the absence of an appropriate instruction on the subject as ground for reversal of his conviction. *See* my dissent in *United States v. Grunden*, 2 M.J. 116, 124 (C.M.A. 1977). In any event, even if the trial judge erred in failing to instruct on the limited purpose for which evidence of other misconduct could be considered by the court members, I agree with the Court of Military Review that "compelling evidence of guilt precludes any possibility of prejudice" to the accused. *See* my separate opinion in *United States v. Bryant*, 3 M.J. 9, 11 (C.M.A. 1977). For these reasons, I join in affirming the decision of the Court of Military Review.