UNITED STATES, Appellee,

v.

Calvin O. JACKSON, Airman Basic, U. S. Air Force, Appellant.

No. 35,461.
ACM S24534.

U. S. Court of Military Appeals.

Jan. 2, 1979.

For Appellant—*Major Gary C. Smallridge* (argued); *Colonel B. Ellis Phillips* (on brief).

For Appellee—*Captain James R. Van Orsdol* (argued); *Colonel Julius C. Ullerich, Jr.* (on brief); *Major Gilbert J. Regan* (on brief); *Major Alvin E. Schlechter* (on brief).

Opinion of the Court

FLETCHER, Chief Judge:

The members of the appellant's special court-martial found him guilty of larceny, housebreaking, and possession of marihuana, in violation of Articles 121, 130 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 930, and 934. The appellant was sentenced to a bad-conduct discharge, confinement at hard labor for six months, and forfeiture of $200 pay per month for six months. A substitute convening authority approved the sentence as adjudged. The Court of Military Review affirmed these findings and the sentence.

As to the marihuana charge, the Government properly conceded that prejudicial error occurred when the military judge failed to instruct the members on the elements of this offense. Moreover, we find an additional instructional omission by the military judge with respect to the remaining charges which likewise constitutes prejudicial error in this case. Accordingly, these findings of guilty and the sentence must be set aside.

After the military judge instructed the court members on findings, the court closed for deliberations. Approximately 40 minutes later the court opened in order to resolve this question of the court members as to findings:

> Pres: One question is, we liked to know where Airman Guzman and the defendant were during the period of about 0515 to 1300 on 1 April.

This question pertained to the larceny and housebreaking offenses. The military judge questioned trial counsel as to his desire to present some evidence on this matter. Trial counsel decided to recall Airman Guzman to the stand. The military judge then said to the members:

> MJ: You see, we can't call Airman Jackson. We can only call this man and have him testify as to matters of his own personal knowledge.
>
> MJ: Does defense have any objection to the question?
>
> DC: No, none at all.

█ We stated in *United States v. Thompson*, 3 M.J. 168, 171 (C.M.A.1977): ". . . the military judge must bear the primary responsibility for assuring that the jury is properly instructed, *United States v. Graves*, 23 U.S.C.M.A. 434, 437, 50 C.M.R. 393, 396, 1 M.J. 50, 53 (C.M.A.1975), and must see that the accused receives a fair trial. *See also United States v. Bryant*, 3 M.J. 9 (C.M.A.1977); *United States v. Grunden*, 2 M.J. 116 (C.M.A.1977)." In this light, the military judge must completely as well as correctly instruct the members. *See United States v. Waggoner*, 6 M.J. 77 (C.M. A.1978); *United States v. Verdi*, 5 M.J. 330, 333 (C.M.A.1978). This is especially so where the natural inclination of the members may conflict with fundamental constitutional rights. *See Lakeside v. Oregon*, 435 U.S. 333, 98 S.Ct. 1091, 55 L.Ed.2d 319 (1978).

█ In the case at bar, the military judge called attention to the fact that the court could not call the defendant to the stand to answer the members' question. Yet he gave no specific cautionary instruction to protect this military accused from any adverse inferences being drawn from his failure to take the stand. Even accepting the fact that the members may have been previously instructed in the earlier findings instructions in some general way as to this constitutional right of the appellant, we believe the military judge had an affirmative duty at this critical stage of the proceedings to particularly reinstruct the members in order to insure this appellant received a fair trial. Such incomplete instructions under these circumstances amount to a denial of military due process. The absence of curative instructions after this failure of the military judge to act creates a fair risk that the appellant was prejudiced, which mandates reversal.

The decision of the United States Air Force Court of Military Review is reversed; the findings and sentence are set aside. The record of trial is returned to the Judge Advocate General of the Air Force. A rehearing may be ordered.

Judge PERRY concurs.

COOK, Judge (concurring in part and dissenting in part):

As the trial judge failed to instruct the court members on the elements of the marihuana offense, I agree that the findings of guilty as to that charge must be set aside.[1] However, I disagree with the majority as to the effect of the question asked by the president of the court-martial and the comment by the judge on it.

Civilian courts are divided as to whether, after a case has been submitted to the jury for verdict, the trial judge may reopen the proceedings to allow introduction of additional evidence. The federal civilian courts have rejected the idea that there is an "iron-bound, copper-fastened, double-riveted rule" against the practice, and have followed the rule that the matter rests within

---

1. In light of the disposition I would make, the two other issues relating to the marihuana charge need not be considered.

the sound discretion of the trial judge. *Henry v. United States,* 204 F.2d 817, 820 (6th Cir. 1953); *see also* cases cited in Anno: Submission of Case to Jury-Reopening, 87 A.L.R.2d 849, 851 (1963). This Court has not considered a case in which the trial judge has allowed reopening after the cause was submitted to the court members for verdict, but the breadth of the language of the unanimous opinion in *United States v. Smith,* 15 U.S.C.M.A. 416, 417, 35 C.M.R. 388, 389 (1965), which upheld a ruling allowing the Government to reopen its case after both sides had rested, clearly inclines to adoption of the federal civilian practice. 6 Wigmore, Evidence § 1880 (Chadbourn rev. 1976). Here, defense counsel did not object either to the court members' request for additional evidence or to trial counsel's declaration that he could recall Airman Guzman. I am satisfied, therefore, that the reopening of the case for additional testimony did not constitute reversible error.

Remaining for consideration is the judge's remark that the accused could not be called to testify on the matter raised by the court members. I note first that the members did not ask that the accused testify; they asked only for information as to his whereabouts during a specified time. During the voir dire of the members, defense counsel had elicited an affirmative response from each member that he understood and agreed with the "rule of law that the Government has the entire burden [of proof]," and that he understood the accused did not have to "put on any evidence or testify at all." The trial judge also instructed the court members on the subject. In my opinion, the judge's challenged remark did not suggest in any way that the inability to call the accused to testify allowed an adverse inference against him. I agree with government counsel that the remark was intended as a reminder that the accused could remain silent; that it was so understood by defense counsel; and so understood by the court members. I, therefore, perceive no error in what occurred, and I would affirm the decision of the Court of Military Review as to the findings of guilty of larceny and housebreaking.

Inasmuch as the charges were tried by a special court-martial, I am convinced beyond a reasonable doubt that the practice of returning the case to the Court of Military Review to determine whether to continue the proceedings on the marihuana charge or to dismiss it and reassess the sentence on the basis of the findings of guilty of larceny and housebreaking would result in no significant advantage to the accused. I would, therefore, order dismissal of the marihuana charge but otherwise affirm the decision of the Court of Military Review.