**UNITED STATES, Appellee,**

v.

**Private (E–1) Ronald E. CROWELL, Jr., SSN 215–82–6068, United States Army, Appellant.**

**SPCM 13487.**

U. S. Army Court of Military Review.

21 Feb. 1979.

Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, and Captain Robert D. Newberry, JAGC.

Before DE FIORI, CARNE and THORNOCK, Appellate Military Judges.

## OPINION OF THE COURT

THORNOCK, Judge:

Appellant was charged and convicted *inter alia* of a series of offenses stemming from the larceny of a truck from a fellow soldier.[1] He was sentenced by the court members to a bad-conduct discharge, confinement at hard labor for six months and forfeiture of $75.00 pay per month for six months. He assigns two errors for our consideration on appeal. The first is that the military judge erred by not giving a *sua sponte* instruction on uncharged misconduct, and the second is that the judge further erred by permitting the prosecutor to present rebuttal evidence concerning appellant's character for truth and veracity. We find no prejudicial error in appellant's trial.

### I

Appellant testified during the defense case in chief that a principal government witness had a motive to lie concerning the larceny of the truck. In order to help establish the witness' bias, appellant testified that he had been absent without leave (AWOL) prior to the larceny incident; further, that prior to going AWOL, he had left his stereo with the principal witness, Olsen. After returning to military control appellant's repeated requests for return of the stereo met with no success. Appellant and Olsen were then involved in an altercation over the stereo which formed the basis of some of the charges herein. Thus, appellant urges, Olsen's bias and motive to lie were established. There were several other references to the appellant's AWOL status throughout the defense case. No instruc-

Captain Maurice D. Healy, JAGC, argued the cause for the appellant. With him on the brief were Major Benjamin A. Sims, JAGC, and Major Carlos A. Vallecillo, JAGC.

Captain Rexford T. Bragaw, III, JAGC, argued the cause for the appellee. With him on the brief were Colonel Thomas H.

---

1. The charges were larceny, disrespect to a superior officer, obstruction of justice, assault on a noncommissioned officer, disobedience of a superior officer, and assault and battery in violation of Articles 121, 89, 134, 91, 90 and 128, Uniform Code of Military Justice (U.C.M.J.), 10 U.S.C. §§ 921, 889, 934, 891, 890, 928, respectively. Appellant was acquitted of the obstruction of justice charge and convicted of the remaining charges and specifications.

tion on the uncharged misconduct of AWOL was requested and none was given.

■■■ We recognize that the military judge has the primary task of instructing the court members and his failure to do so properly mandates reversal. *United States v. Bryant*, 3 M.J. 9 (C.M.A.1977); *United States v. Gaiter*, 1 M.J. 54 (CMA 1975), and *United States v. Graves*, 1 M.J. 50 (CMA 1975). This requirement has been stressed with particularity concerning uncharged misconduct. *See United States v. James*, 5 M.J. 382 (CMA 1978); *United States v. Grunden*, 2 M.J. 116 (CMA 1977); *United States v. Harris*, 6 M.J. 758 (ACMR 1978); *United States v. Infante*, 3 M.J. 1075 (ACMR 1977). However, as we view the posture of the evidence in this case it falls into the *James* exception of the *Grunden* rule. The uncharged misconduct herein was placed in evidence by the appellant. It did not: show a predisposition to commit the offenses charged; go to the absence of a plan or design of criminal conduct; or rebut mistake or accident. Quite the opposite, it was entered as matter in defense by the appellant to attack a prosecution witness' veracity and to show his bias. *James* teaches that ". . . judicial discretion must be exercised in determining whether the danger of undue prejudice outweighs the probative value of the evidence, taken always in the context of the availability of other means of proof. . . ." *United States v. James, id.* at 383. Under the facts herein, the danger of undue prejudice did not outweigh the probative value of the evidence. We therefore find no abuse of discretion by the military judge in omitting the uncharged misconduct instruction.

## II

· ■■■ We now turn to the question of the rebuttal testimony concerning the appellant's truth and veracity. Appellant urges that his reputation for truth and veracity was not placed in issue by the defense case and therefore the Government's damaging rebuttal evidence should not have been admitted. He further argues that in giving the rebuttal testimony, the appellant's company commander testified about his own opinion and not about appellant's reputation in the community. Appellant relies upon *United States v. Tomchek*, 4 M.J. 66 (CMA 1977), as requiring reversal on the facts herein. We disagree. First, the law is well settled that when an accused testifies in open court during the case in chief, and not for some limited purpose, his *credibility or reputation for truth and veracity* is always at issue just as any other witness' would be, whether specifically raised by the accused or not.[2] *United States v. Tomchek, id.*, at 71–72, and nn. 23–27. *United States v. Nicholson*, 8 U.S.C. M.A. 499, 25 C.M.R. 3 (1957). Once appellant testified, the law permitted calling rebuttal witnesses to testify as to his *reputation* in the community for *truth and veracity*. *United States v. Tomchek, supra; United States v. Fields*, 3 M.J. 27 (CMA 1977); *United States v. Spence*, 3 M.J. 831 (AFCMR) *pet. denied*, 4 M.J. 139 (CMA 1977); paragraph 138*f*(2), Manual for Courts-Martial, United States, 1969 (Revised edition). Such witnesses who can testify about that reputation may also be asked if they would believe that witness under oath. *United States v. Fields, supra* at 28. It is clear that appellant's company commander, Captain "S", was a member of the same community as the appellant. Under the circumstances of this case it is difficult to conceive of a witness who was in a better position to know of the appellant's reputation in the community for truth and veracity. Captain "S" had been his commander for over seven months; he saw the appellant weekly; he knew that appellant's *general* reputation for truth and veracity was poor; and he testified that he would

2. The rule does not apply to an inquiry concerning an accused's *general* character or reputation. The prosecution may not open an inquiry into these matters. If an accused places his general reputation or character in evidence the prosecution may cross-examine the accused on those matters if his testimony placed his reputation before the fact finder, or the Government may offer separate rebuttal evidence. *See United States v. Tomchek* and cases and commentaries cited therein.

doubt him under oath.[3] Thus, in the instant case Judge Perry's language in *Tomchek* is especially appropriate:

> As with evidence of prior convictions offered to impeach the credibility of a defendant who testifies in his own defense, the admissibility of this type of impeachment evidence is left to the sound discretion of the trial judge who must determine whether its probative value is outweighed by its prejudicial effect. We hold that where the accused does not first introduce evidence of his good reputation for truth and veracity, such impeachment evidence should be viewed by the trial judge with caution and, except where the testimony appears well supported, it should be rejected. *United States v. Tomchek, id.,* at 72–73.

It is clear from the record herein that the testimony at issue is "well supported"; that by testifying the appellant placed the issue of his reputation for truth and veracity before the fact finders; that the company commander was a member of the appellant's community; and that Captain "S" testified as to appellant's general reputation in the community for truth and veracity. We therefore hold that the evidence complained of was properly admitted by the trial judge and no prejudicial error inured to the appellant by that action.

The findings of guilty and the sentence are AFFIRMED.

Chief Judge DE FIORI and Senior Judge CARNE concur.

---

**3.** Paragraph 138*f* (1), Manual for Courts-Martial, United States, 1969 (Revised edition), provides:

> Testimony concerning the reputation of a person in the community in which he lives or pursues his business or profession must come from someone whose knowledge of that reputation was gained from having himself been a member of the community in question. Thus, testimony of this kind by one who has merely visited the community of a person for the purpose of investigating his character is inadmissible. In the military service, "community" includes an organization, post, camp, ship, or station.

It is clear that Captain "S" met the criteria prescribed and he so testified.