552

## UNITED STATES

v.

### Airman John P. JORKASKY, FR 190–34–3380 United States Air Force.

ACM 22460.

U. S. Air Force Court of Military Review.

Sentence Adjudged 12 Dec. 1978.

Decided 22 March 1979.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips, Captain Robert G. Gibson, Jr., and Major Marc G. Denkinger, USAFR.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr.

Before EARLY, HERMAN, ORSER and ARROWOOD, Appellate Military Judges.

## DECISION

PER CURIAM:

The accused pleaded guilty to three specifications of larceny of government property in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921.

During the presentencing portion of the trial the following transpired between a court member and the military judge:

MEM: Sir, can we ask a question about the accused?

MJ: I don't know if I can stop you. Let me say, is your question about needing more information?

MEM: I have a question about his rehabilitation program, the alcohol rehabilitation program.

MJ: Go ahead and state the question. What is it?

MEM: The question is, when did he enter that program?

MJ: That may have been a part of his unsworn statement but I'm not sure whether it was or not. As I indicated to you, of course, we cannot question him about that unsworn statement. As to whether it was a part of it, I recall his saying something about that in his unsworn statement but I don't recall the exact date being given. And as I indicated to you before he made it, we can't really ask him questions about that matter. Do you feel it will be necessary to call a witness to provide the information you're interested in?

MEM: No, Sir.

MJ: All right. . . .

 In this case, just as in *United States v. Suttles,* 6 M.J. 921 (A.F.C.M.R.1979), the military judge called attention to the fact that the court members could not question the accused; however, he did not give them a specific cautionary instruction to protect the accused's right to make an unsworn statement without being cross-examined. To insure a fair trial, we believe that at this critical stage of the proceedings, the military judge is required to fully instruct the court members that no adverse inferences may be drawn from the accused's silence. The failure to so instruct in this situation amounts to a denial of military due process and creates a fair risk that the accused was prejudiced. *United States v. Jackson,* 6 M.J. 116 (C.M.A.1979); *United States v. Graves,* 1 M.J. 50 (C.M.A.1975); *United States v. King,* 12 U.S.C.M.A. 71, 30 C.M.R. 71 (1962).

 Since the accused pleaded guilty, the prejudice is confined to sentence only; accordingly, the findings of guilty are approved. The sentence is set aside. A rehearing on sentence is ordered.