**UNITED STATES**

**v.**

**Staff Sergeant Timothy C. LEWIS, FR 552–94–2970, United States Air Force.**

**ACM 22496.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 16 Jan. 1979.

Decided 3 Aug. 1979.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Captain Wade B. Morrison. Captain Gary A. Enders filed a brief on behalf of the accused.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., Lieutenant Colonel Merton F. Filkins, Captain James R. Van Orsdol and Captain W. Allan Woodford, USAFR.

Before EARLY, HERMAN and ARROWOOD, Appellate Military Judges.

### DECISION

EARLY, Chief Judge:

Tried by general court-martial, the accused was convicted, pursuant to his pleas, of conspiring to introduce 2000 grams of marijuana into a military base for transfer and sale, of introducing 2000 grams of marijuana into a military base for the purpose of transfer and sale, and of selling 750 grams of marijuana, in violation of Articles 81 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881 and 934. The adjudged sentence consisted of a bad conduct discharge, confinement at hard labor for one year, forfeiture of $279.00 per month for 12 months, a fine of $1,150.00 and reduction to airman basic. Because of the subsequent acquittal of the accused's alleged co-conspirator, the convening authority disapproved the finding of guilty of the conspiracy specification, reduced the confinement to nine months and eliminated the fine.

Appellate defense counsel assign one issue and refer us to two alleged errors raised in the brief submitted by the trial defense counsel pursuant to Article 38c, Code, 10 U.S.C. § 838, subd. c, supra. We find only the issue discussed below to have merit.

■ Counsel assert that the accused was prejudiced by numerous instances of improper argument by the trial counsel and the military judge's failure to stop such argument and give curative instructions. We agree.

In his argument on sentence the trial counsel asserted:

Finally, the evidence in the case, as far as the status of the accused at the time of the offenses, indicated to you from the accused's own mouth, from the APRs, and from the other evidence in the case, that the accused works on military aircraft. That job is a rather sensitive job. I think again this is axiomatic and does

not need much debate. It is not a job such as a clerk in an Air Force Accounting and Finance Center, or a clerk in a personnel office on a base installation, or a counselor perhaps over at Social Actions. It is not the kind of job where someone would not have to have the full retention of his mental acuity and physical powers where a mistake on his part would not result in serious bodily injury or great economic loss. Clearly, the kind of job that the accused was doing was sensitive in that sense, and it is a matter which this court should take into consideration.

The trial counsel is permitted to comment "earnestly and forcefully on the evidence, as well as on any inferences which can be supported reasonably by the testimony." *United States v. Doctor,* 7 U.S.C.M.A. 126, 21 C.M.R. 252, 259 (1956). Here there was no evidence that the accused used drugs. There was no justifiable basis for inferring that his job was in any way affected by the offenses of which he stands convicted. *United States v. Collins,* 3 M.J. 518 (A.F.C.M.R.1977); *United States v. Moore,* 6 M.J. 661 (A.F.C.M.R.1978). Hence such argument was improper, and the military judge should have excluded it or given cautionary instructions.[1]

Further on the trial counsel argued:

The Government would point out to you that when the accused took the stand he took it under circumstances which did not permit him to be cross-examined. He took it under circumstances where myself, Captain Marquet, and . . . . .

At this point defense counsel objected and was overruled by the military judge. Trial counsel then continued:

I was not permitted to question him, nor was Captain Marquet, nor were any members of the court. The accused would not subject himself to the rigors of cross-examination, the probing, truthfinding process which has been the heart of our military court-martial system. So in weighing his testimony to you, in weighing the causes that he put forward to you in committing the offenses, keep in mind his obvious motive for stating something self-serving, such as putting the blame on the shoulders of the other individual he was involved with, and at the same time his attempt to shield himself from any examination and questioning along that line. Weigh his testimony in that regard.

■■■■ Although the trial counsel was, in essence, simply restating the preliminary instruction given by the military judge prior to the accused making an unsworn statement,[2] we believe that his commentary unfairly focuses on the accused's action in availing himself of his right to present evidence prior to sentencing in a manner of his own choice. See Manual for Courts-Martial, 1969 (Rev.), paragraph 75c(2). In effect, trial counsel said that in availing himself of this right to present testimony in

---

1. While we recognize that defense counsel did not object to this portion of the argument, our previous holdings make it clear that the military judge should have given cautionary instructions on his own.

2. The judge instructed the members:

The court is advised that an unsworn statement is an authorized means for an accused to bring information to the attention of the court, and must be given appropriate consideration. The accused cannot be cross-examined by the prosecution or interrogated by the court members or by myself upon his unsworn statement, but the prosecution may offer evidence to rebut statements of fact contained in it. The weight and significance to be attached to an unsworn statement rests within the sound discretion of each court member. You may consider that the state-

ment is not under oath, its inherent probability or improbability, whether it is supported or contradicted by evidence in the case, as well as any other matter that may have a bearing upon its credibility. In weighing an unsworn statement, you are expected to utilize your common sense and your knowledge of human nature and of the ways of the world.

While our disposition of this case does not require us to pass on the validity of this instruction, it would appear that when the military judge determines that it should be given, it should contain some cautionary language to the effect that no adverse inference should be drawn because the accused chooses this, or any other authorized method, to present his case in mitigation and extenuation.

this particular manner, he prevented a full exploration of that testimony. This is essentially the same as commenting on the failure of the accused to take the stand. See *United States v. Seay,* 13 U.S.C.M.A. 540, 33 C.M.R. 72 (1963). At the very least, this required a cautionary instruction from the military judge that the members could draw no adverse inference from the accused's choosing to make an unsworn statement. Cf. *United States v. Jorkasky,* 7 M.J. 552 (A.F.C.M.R.1979). As was held in *United States v. Jackson,* 6 M.J. 116, 117 (C.M.A. 1979):

> [T]he military judge called attention to the fact that the court could not call the defendant to the stand to answer the members' question. Yet he gave no specific cautionary instruction to protect this military accused from any adverse inferences being drawn from his failure to take the stand. Even accepting the fact that the members may have been previously instructed in the earlier findings instructions in some general way as to this constitutional right of the appellant, we believe the military judge had an affirmative duty at this critical stage of the proceedings to particularly reinstruct the members in order to insure this appellant received a fair trial. Such incomplete instructions under these circumstances amount to a denial of military due process.[3]

 The failure of the military judge to sustain defense counsel's objection to trial counsel's argument was error prejudicial to the substantial rights of the accused.[4] Article 59, Code, 10 U.S.C. § 859, supra; *United States v. Jackson,* supra; *United States v. Suttles,* 6 M.J. 921 (A.F.C.M.R.1979). Since the accused providently pleaded guilty, prejudice attaches only to the sentence. Accordingly, the sentence is set aside. A rehearing may be ordered.

HERMAN and ARROWOOD, JJ., concur.

---

3. Although Jackson deals with prefindings instructions, we believe the same rationale applies here.

4. The court members pronounced a sentence almost exactly as requested by the trial counsel.