**UNITED STATES**

v.

**Sergeant Willie L. MURPHY, FR 264–21–4274 United States Air Force.**

**ACM 22522.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 7 Feb. 1979.
Decided 15 Nov. 1979.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips, and Colonel Larry G. Stephens.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., Colonel James P. Porter and Captain James R. Van Orsdol.

Before EARLY, POWELL and ARROWOOD, Appellate Military Judges.

### DECISION

EARLY, Chief Judge:

Tried by general court-martial, the accused was convicted, pursuant to his pleas, of six specifications alleging the sale and use of hashish, and, despite his pleas, of possessing hashish, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The approved sentence extends to a dishonorable discharge, confinement at hard labor for two years, forfeiture of $100.00 per month for 12 months and reduction to airman basic.

Appellate defense counsel assign four errors and invite our attention to the errors listed by the accused in his request for appellate representation and by the trial defense counsel in his comments on the review of the staff judge advocate. We find only one error meriting our attention.

Appellate defense counsel contend that the trial counsel committed error in arguing that the accused, by choosing to make an unsworn statement in mitigation,

did not subject himself to questioning by the members and counsel and that the military judge erred in failing to instruct the court that no adverse inference could be drawn from the accused's election to make an unsworn statement. We agree.

The referenced remarks of trial counsel came after these comments by defense counsel in closing argument:

He has a right to stand before you and say, "I pleaded guilty. I didn't fake it. I didn't lie about anything. I didn't lie to you." He stood here, in his unsworn statement, a scared man for what he had done, but a man who was willing to take what you're ready to dish out.

Trial counsel subsequently responded:

Well, let's turn to the unsworn statement. The military judge will instruct that an unsworn statement is an authorized means of bringing evidence before the court. But it's not under oath. It's not subject to cross-examination by myself as the trial counsel or you as members. In weighing the repentance in the unsworn statement and some of the other things that were said in that unsworn statement, keep in mind that the accused said something to you where he could not be challenged by me or any of you, and where he did not put it under oath.[1]

The military judge, as part of his sentencing instructions, gave the standard unsworn statement instruction,[2] omitting, however, the first sentence which states: "(The court will not draw any adverse inference towards the accused from the fact that he did not elect to testify under oath as a witness.)"

---

1. No specific objection was made by defense counsel, but he did request an instruction that trial counsel could rebut anything in the unsworn statement. Such instruction was properly given by the military judge.

2. See Military Judge's Guide, DA Pam 27–9, at 8–9 (May 1969).

3. In *Lewis*, there were two errors in trial counsel's argument, and we found the combination of them, along with other aspects of the case warranted a rehearing on sentence.

4. We have held that it is not improper for trial counsel to comment on the fact that the ac-

■ This Court has held that where trial counsel's comments in argument emphasized the fact that, by making an unsworn statement, the accused prevented "a full exploration" of that testimony, such remarks are improper and, upon objection by defense counsel, require cautionary instructions by the military judge to the effect that no adverse inference can be drawn from the accused's election to present mitigation evidence by making an unsworn statement. *United States v. Lewis*, 7 M.J. 958, 961 (A.F.C.M.R.1979); see also *United States v. King*, 12 U.S.C.M.A. 71, 30 C.M.R. 71 (1960). This case differs from *Lewis, supra,* in two essential ways[3]; here defense counsel first raised the issue of the unsworn statement and did so in a manner which seems to equate it with sworn testimony[4]; and, after trial counsel's argument, defense counsel failed to object to his remarks. Further, we note that the court did not approach the sentence recommended by trial counsel.[5] Under these circumstances, we find that these errors did not reach the dimensions of *Lewis, supra,* and that we may remedy it by reassessing the sentence.

Reassessing the sentence in light of the above errors, we find appropriate only so much as provides for a bad conduct discharge, confinement at hard labor for 18 months, forfeiture of $100.00 per month for 12 months and reduction to airman basic.

The findings of guilty and the sentence, as modified, are

AFFIRMED.

POWELL and ARROWOOD, Judges, concur.

---

cused's unsworn statement was not under oath. See *United States v. Breese*, ACM 22524, unpub. (A.F.C.M.R. 11 October 1979). Here the quoted remarks of defense counsel attempt to enhance the credibility of the accused by stating that he did not "lie to you." Such language almost invites rebuttal argument from trial counsel.

5. Trial counsel argued for five years confinement here. In *Lewis* the court imposed a sentence almost exactly as requested by trial counsel.