RYAN, Judge,
with whom STUCKY, Judge, joins (concurring in part and dissenting in part):
I agree with the Court that trial counsel’s comment on Appellant’s unsworn statement *108 was proper. I respectfully dissent from the judgment because, even assuming error, trial counsel’s statement that Appellant could not be trusted with the lives of pilots was not shown by Appellant to be “plain,” “clear,” or “obvious” error. United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (citations and quotation marks omitted).[1] Moreover, even if the error was plain, Appellant has not shown prejudice.
“Error is ‘plain’ when it is ‘obvious’ or ‘clear under current law.’ ” United States v. Harcrow, 66 M.J. 154, 162 (C.A.A.F.2008) (Stucky, J., with whom Effron, C.J., joined, concurring in the result) (quoting Olano, 507 U.S. at 734, 113 S.Ct. 1770). Assuming ar-guendo that trial counsel’s statement that Appellant could not be trusted with the lives of pilots was improper, it was not so “obvious” an error as to constitute plain error.
First, it is not at all clear that trial counsel sought to place members “in the shoes of potential future victims.” United States v. Marsh, 70 M.J. 101, 106 (C.A.A.F.2011). While the argument can be made that trial counsel “personalized his argument to the panel members by referring to Marsh as working on ‘your’ aircraft and questioning whether Marsh could be trusted with the lives of the unit’s pilots,” id., it is neither plain nor obvious that trial counsel’s use of the word “your” was meant to refer specifically to the members (rather than the Army as a whole), especially since trial counsel immediately reverted to talking about the endangered future pilots in the third person: “Can you trust someone who lies with the lives of those pilots?” (Emphasis added.)
Second, even if that was the trial counsel’s objective, the Court concedes that it “has not previously examined whether a prosecutor can properly ask court members to place themselves in the shoes of potential future victims.” Marsh, 70 M.J. at 106. While one might expect the majority in this case to answer that question “no” (since that is the premise for error), plain error review requires this Court to look to “ ‘current law.’ ” See Harcrow, 66 M.J. at 162 (Stucky, J., with whom Effron, C.J., joined, concurring in the result) (emphasis added) (quoting Olano, 507 U.S. at 734, 113 S.Ct. 1770). Acknowledging that we have not addressed the issue compels the conclusion that any error was not plain under the precedent of this Court. See United States v. Weintraub, 273 F.3d 139, 152 (2d Cir.2001) (finding no plain error where “[n]o binding precedent ... at the time of trial or appeal” established error). And under the precedent from the relevant CCA, the argument at issue appears to have been permissible. United States v. Williams, 23 M.J. 776, 779 (A.C.M.R.1987) (drawing a distinction between asking members to place themselves in the shoes of actual victims and in the place of potential future victims).
And while plain error may not “automatically” be ineffective assistance of counsel, see United States v. Bono, 26 M.J. 240, 243 n. 2 (C.M.A.1988), Appellant conceded at oral argument that his failure to raise an ineffective assistance of counsel claim “is certainly something for this Court to consider in deciding whether the error was plain and obvious.” Considering that the prosecutorial comments at issue are a far cry from the sort of comments we have previously found to be plainly inflammatory and improper, it is understandable why defense counsel failed to object. See, e.g., Erickson, 65 M.J. at 223-24 (testing trial counsel’s comparison of the appellant to Adolf Hitler, Saddam Hussein, and Osama bin Laden for prejudice); United *109 States v. Clifton, 15 M.J. 26, 30 (C.M.A.1983) (holding that trial counsel’s “conjugation of adultery with heroin” was inflammatory); United States v. Lewis, 7 M.J. 958, 959-60 (A.F.C.M.R.1979) (holding that it was error to insinuate that the accused would use drugs on the job when the accused had only been convicted of selling drugs). In other words, while we do not disagree that the law prohibits arguments that “ ‘unduly ... inflame the passions or prejudices of the court members,’” Marsh, 70 M.J. at 106 (quoting United States v. Schroder, 65 M.J. 49, 58 (C.A.A.F.2007)), it was not plain or obvious that the prosecutorial comments at issue did any such thing.
With regard to prejudice, the essential question is whether “‘trial counsel’s comments, taken as a whole, were so damaging that [this Court] cannot be confident that the members convicted [and sentenced] the appellant on the basis of the evidence alone.’” Schroder, 65 M.J. at 58 (quoting United States v. Fletcher, 62 M.J. 175, 184 (C.A.A.F.2005)). In this case, trial counsel’s comments were made in furtherance of the Government’s theme that a liar has no place in the military, which values integrity, honor, and trust. The theme was a valid one, and trial counsel’s alleged misconduct was minor. Indeed, it was so minor that the members only sentenced Appellant to a bad-conduct discharge, partial forfeitures, and reduction to the lowest enlisted grade. Considering that they could have sentenced him to a dishonorable discharge, five years of confinement, reduction to the lowest enlisted grade, and forfeitures of all pay and allowances, Article 58a(a), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 858a(a) (2006); Manual for Courts-Martial, United States pt. IV, para. 31.e. (2008 ed.), it is difficult for me to conclude that the members were in fact inflamed or that Appellant suffered prejudice. See United States v. Young, 470 U.S. 1, 15, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985) (noting that plain error doctrine is meant to correct “only ‘particularly egregious errors’” (quoting United States v. Frady, 456 U.S. 152, 163, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982))).
I would affirm the decision of the United States Army Court of Criminal Appeals.

. Rule for Courts-Martial (R.C.M.) 1001(g) provides that "[fjailure to object to improper argument before the military judge begins to instruct the members on sentencing shall constitute waiver of the objection.” (Emphasis added.) The text of this rule forecloses appellate review altogether when the accused fails to object — a conclusion bolstered by comparison to other provisions that, unlike R.C.M. 1001(g), treat failure to object as waiver "in the absence of plain error." See, e.g., R.C.M. 920(f); 1005(f); 1106(f)(6). Nonetheless, our precedents hold that in the absence of objection we review a claim of improper prosecutorial presentencing argument for plain error. See, e.g., United States v. Erickson, 65 M.J. 221, 223 (C.A.A.F.2007); United States v. Paxton, 64 M.J. 484, 487-88 (C.A.A.F.2007). And while treating failure to object to improper presentenc-ing argument as waiver rather than forfeiture appears compelled by R.C.M. 1001(g), no one has requested that we revisit case law to the contrary.