# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

**Osvaldo ORTEGA**
Electrician's Mate Third Class (E-4), U.S. Coast Guard

**CGCM0306**
**Docket No. 1395**

**20 January 2016**

General Court-Martial convened by Commander, Director of Operational Logistics.  Tried at Alameda, California, on 23 July, 24 September, 13 November, and 18-24 November 2013.

| | |
|---|---|
| Military Judge: | CAPT Christine N. Cutter, USCG |
| Trial Counsel: | LT Rebecca B. Shults, USCG |
| Assistant Trial Counsel: | LT Geralyn M. van de Krol, USCG |
| Defense Counsel: | LT Leah A. O'Brien, JAGC, USN |
| Assistant Defense Counsel: | LCDR Shane E. Johnson, JAGC, USN |
| Appellate Defense Counsel: | LCDR LaCresha A. Getter, USCG |
| Appellate Government Counsel: | LCDR Amanda M. Lee, USCG |
| | Mr. Stephen P. McCleary |

**BEFORE**
**McCLELLAND, SPOLIDORO & JUDGE**
Appellate Military Judges

Per curiam:

Appellant was tried by general court-martial composed of members, including enlisted members.  Contrary to his pleas, Appellant was found guilty of two specifications of false official statements, in violation of Article 107, Uniform Code of Military Justice (UCMJ); one specification of aggravated sexual assault, in violation of Article 120 (2007), UCMJ; one specification of abusive sexual contact, in violation of Article 120 (2012), UCMJ; one specification of assault and battery, in violation of Article 128, UCMJ; one specification of housebreaking, in violation of Article 130, UCMJ; and one specification of unlawful entry, in violation of Article 134, UCMJ.  The court sentenced Appellant to confinement for one year, reduction to E-1, and a bad-conduct discharge.  The Convening Authority approved the sentence.

Before this Court, Appellant has assigned the following errors:

I. The court lacked jurisdiction over Appellant because the member panel was not detailed in accordance with Article 25, UCMJ.

II. The military judge erred by admitting testimony, over defense objection, that the victim was drugged, without issuing an uncharged misconduct limiting instruction.

III. The military judge erred in denying Appellant's motion to suppress Appellant's pretrial confession because there was no consideration of interrogator experience and impairment of self-determination in application of totality of the circumstances.

We affirm.

**Member selection**

Appellant complains that the Convening Authority's Command Master Chief (CMC) was the final decision maker as to enlisted members selected to sit on the court-martial. He also complains that the Convening Authority demonstrated a lack of care and due diligence by selecting a member who stated in her member questionnaire that listening to courtroom arguments upsets her, and is uncomfortable with sitting in judgment of a person; and by signing a member selection memorandum with a typographical error in it as to the name of the accused.

A convening authority must personally select the members of a court-martial, but may rely on staff and subordinates to assist. *United States v. Gooch*, 69 M.J. 353, 357 (C.A.A.F. 2011) (citing *United States v. Dowty*, 60 M.J. 163, 169-70 (C.A.A.F. 2004)).

The military judge found that the Convening Authority personally selected all the members of the court. (R. at 408.) The military judge also found that the Convening Authority obtained information from his staff on the Article 25 factors with respect to the members he selected. (R. at 420.) These findings are supported by the evidence adduced on the issue, in the form of testimony by the Staff Judge Advocate (SJA) (*see* R. at 387-91, 394-97, 414-18), memoranda between the SJA and the Convening Authority including one on which the Convening Authority had apparently hand-written his selections of enlisted members, and emails from two senior enlisted personnel concerning their part in the selection process.

The selection of a member whose questionnaire bespeaks a lack of judicial temperament is not evidence of a lack of care on the part of the Convening Authority since the questionnaire was completed after the member was initially selected, nor is there any reason to consider it a legal error. The use of member questionnaires is ordinarily intended not to select members in the first instance, but to facilitate *voir dire*. *See* Rule for Courts-Martial 912(a)(1), Manual for Courts-Martial, United States (2012 ed.) (MCM), and Discussion thereto; Coast Guard Military Justice Manual, COMDTINST M5810.1E, Article 3.H.6.c. The *voir dire* and challenge process is well suited to eliminate such a member from participation in the court-martial and did so in this case.

As for the selection memorandum that contained the name of a different accused than Appellant, there is no requirement for a court-martial to be selected for a specific accused. The same court-martial may have numerous unrelated cases referred to it; attention during the selection process to the identity of an accused who will appear before a particular court-martial is wholly unnecessary.

We see no error in the selection process. We reject the first assignment of error.

### Uncharged misconduct

Appellant complains that the military judge permitted trial counsel to solicit testimony from one of the complainants that her drink may have been drugged by Appellant.

The specification at issue, Specification 1 of Charge II, alleged that Appellant committed a sexual act with the complainant when she was substantially incapacitated. The complainant testified that she and Appellant both went to a salsa dance class, during which she consumed alcoholic beverages, and then they went together to a bar, where she ordered another alcoholic beverage. (R. at 657-58.) Then, she testified, she had a loss of memory; she did not remember finishing the beverage or leaving the bar; she had never experienced a blackout before after the same amount of alcoholic beverage; she was not on any medications at the time. (R. at 970-71.) At this point the defense objected, asserting that the testimony insinuated that Appellant had drugged the witness's drink, that this was uncharged misconduct of which no notice had been

given, and that a curative instruction should be given. (R. at 972-74.) The military judge overruled the objection and declined to give an instruction. (R. at 977.)

The witness went on to describe her next memory, which was a five-minute period in her apartment with Appellant present. (R. at 980-82.) She continued with testimony of more short memories interspersed with blackout periods, together tending to prove that Appellant had sexually assaulted her. (R. at 982-86.) At the end of the witness's testimony on direct- and cross-examination, the members asked some questions, including the following: "In Sep 2008, was there an opportunity for the drink to be 'drugged' by the accused or others?" (Appellate Ex. 60.) A 39(a) session was conducted, during which the defense sought a mistrial, which was denied, and *voir dire* of the witness took place. Thereafter, over defense objection, before the members the witness was asked, "In September of 2008 do you have any evidence that your drink was drugged?" She responded, "No, I do not." (R. at 1044.)

On appeal, Appellant renews his complaint that the original line of questioning was contrived to elicit testimony to insinuate that she was drugged, that the testimony constituted evidence of uncharged misconduct without proper notice under Military Rule of Evidence 404(b), MCM, and that the military judge should have issued a limiting instruction.

We disagree in all respects. The original line of questioning merely provided the full context of the events preceding the alleged offense. Any evidence that Appellant drugged the witness's drink would not be uncharged misconduct; such conduct, if it occurred, would have been part of the surrounding circumstances of the offense, and admissible as such, without a separate specification alleging that Appellant had drugged her drink,[1] and without any need for an instruction on uncharged misconduct. *United States v. Thomas*, 11 M.J. 388, 392 (C.M.A. 1981) (citing *United States v. Fowler*, 9 M.J. 149, 150 (C.M.A. 1980); *United States v. James*, 5 M.J. 382, 383 (C.M.A. 1978)). Finally, to the extent that the possibility that the drink had been drugged was left open by the evidence, that possibility was effectively countered by the witness's testimony that she had no evidence that her drink was drugged. We reject the second assignment of error.

---

[1] Such a specification arguably would have been unreasonable multiplication of charges.

**Confession**

Appellant claims that the military judge erred in admitting his confession because it was involuntary.[2]

A military judge's decision to admit or suppress a confession is reviewed for abuse of discretion. *United States v. Freeman*, 65 M.J. 451, 453 (C.A.A.F. 2008). However, "[t]he voluntariness of a confession is a question of law that we review de novo." *Id.* (citing *Arizona v. Fulminante*, 499 U.S. 279, 287 (1991); *United States v. Bresnahan*, 62 M.J. 137, 141 (C.A.A.F. 2005)). The military judge's findings of fact on the question are the basis for the review, unless they are clearly erroneous. *United States v. Ford*, 51 M.J. 445, 451 (C.A.A.F. 1999). The question is determined upon the totality of the surrounding circumstances. *Freeman*, 65 M.J. at 453 (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973)).

Appellant complains that the military judge's decision to deny his suppression motion did not take into account the experience of the interrogator, and otherwise misapplied the totality of the circumstances assessment. We disagree. The military judge did not err and did not abuse her discretion by admitting Appellant's confession. We reject the third assignment of error.

**Decision**

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.



For the Court,


Sarah P. Valdes
Clerk of the Court

---

[2] Appellant made four separate confessional statements on four different days. He sought to suppress all of them at trial, but all were admitted. His argument on appeal appears to focus on his statement of 14 November 2012. In our view, there is no serious question about the voluntariness of the other three statements.